## WHITEHEAD v. SPRIGGS.

No. 5971.    Opinion Filed June 13, 1916.

(158 Pac. 439.)

**ATTORNEY AND CLIENT—Attorney's Fees—Recovery from Adverse Party—Proof.** In an action under chapter 5, art. 2, Compiled Laws 1909, to recover an attorney fee from an adverse litigant who has compromised or settled an action, it is necessary for plaintiff to show that such litigation had been compromised and settled without notice or opportunity for plaintiff to be present and to procure evidence as to the merits of his client's cause and establish his client's right to recover therein; and, in the absence of evidence to establish these facts, a demurrer to the evidence should be sustained.

(Syllabus by the Court.)

*Error from County Court, McCurtain County;*
*E. E. Cochran, Judge.*

Action by E. L. Spriggs against James E. Whitehead. Judgment for plaintiff, and defendant brings error. Reversed.

*James E. Whitehead, pro se.*

*Spriggs & Spriggs* and *J. R. Spielman,* for defendant in error.

HARDY, J.   E. L. Spriggs commenced this action in a justice of the peace court to recover from defendant, Whitehead, $75. The action was brought under the provisions of chapter 5, art. 2. Comp. Laws 1909, entitled "Liens of Attorneys," which provides, by section 276, that should a party to any action, whose interests are adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved an attorney's lien without the attorney having notice and an opportunity to be present at such settlement, said adverse party

shall become liable to such attorney for the fee due him or to become due him under his contract of employment, and that such attorney may enforce his lien by an action filed within one year after he becomes aware of such compromise. Upon the trial in the county court, judgment was rendered for plaintiff in the amount sued for, and defendant prosecutes error.

At the trial, it appeared from the evidence that plaintiff, Spriggs, had instituted an action on behalf of Alvin Nelson and Nancy Nelson, against the defendant, Whitehead, to cancel a deed executed by them to said Whitehead for certain lands, upon the ground of fraud in the procurement thereof. The land had been purchased by Whitehead from said parties for a consideration of $250, which was paid by check at the time, and the deed was duly approved by the county court of McCurtain county. The suit was not compromised or settled, but proceeded to trial upon the merits and resulted in a judgment in favor of Whitehead; the court finding that the allegations of fraud were not sustained by the proof. Plaintiff has not filed any brief in this case, and we are left to gather his contention from the record, from which we infer that his theory was that, at the time the deed was executed, Whitehead's check for $250 was delivered and that one Hemperly, a clerk of Whitehead's, wrongfully obtained from the Indians $150 of said sum. This fact is admitted. Plaintiff says that, after the institution of the litigation to set aside said deed, defendant, Whitehead, compromised that litigation by paying plaintiffs therein $150. This claim is not borne out by the record. The evidence shows that Hemperly had obtained money from other Indians in similar transactions, and, when his defaults were discovered by Whitehead, restitution of certain sums was procured, and

Hemperly sent to the county judge of McCurtain county his check for $494, with the request that the money be paid to certain Indians, who claimed Hemperly had defrauded them, including the Nelsons; that the Hon. T. J. Barnes, who was then county judge, paid to the Nelsons from the proceeds of said check the sum of $150 which Hemperly had theretofore withheld. Upon these facts the alleged settlement is predicated.

The only evidence that would in any way connect defendant, Whitehead, with this transaction was the statement by two witnesses that, in the trial of the former litigation, he testified he had paid said amount to the Nelsons by check, and that a check for that amount was introduced at the trial of that case. In this connection the record discloses that the former litigation did not involve the $150 item, nor was any recovery sought for a money judgment. No proof was offered in the present case as to the rights of the Nelsons to recover therein, nor as to the facts upon which they based their right to recover. Defendant demurred to the evidence of plaintiff, which was overruled. The demurrer should have been sustained. In order to predicate an action upon this section of the statute, it was necessary for plaintiff to show that, as attorney for the Nelsons, he had instituted the former litigation under a contract for an interest in the judgment recovered, and that said litigation had been settled or compromised without notice to him and an opportunity to be present, and also to show his client's right to recover therein. Construing this statute, in *Herman Construction Co. v. Wood,* 35 Okla. 103, 128 Pac. 309, it was said:

"The intention of the lawmakers by this section, we think, was to provide as to this class of contracts, in connection with said section 3, that the attorney, where settle-

ment has been made without his consent, may bring his action against the adverse litigants for an amount not to exceed the percentage of the amount sued for and recover to the extent only that he may show upon the trial his client was entitled to recover; and, for the purpose of enforcing his lien, he may in a suit therefor produce evidence as to the merits of his client's cause of action and to establish the amount to which he was entitled to recover, and therefrom ascertain the fee the attorney would be entitled to receive and would have become due under his contract, had the cause been prosecuted to final judgment, and thereby secure judgment against the adverse litigant for such sum."

The original cause of action was to cancel a deed for fraud in its procurement, and was not for the recovery of any money judgment. That litigation was not compromised or settled. The $150 paid was not in settlement of that litigation, but was merely a refund made to plaintiffs therein by Hemperly of an amount wrongfully obtained from them, and was not a payment by Whitehead in any amount for any purpose. Clearly, under the facts disclosed by the record, plaintiff would not be entitled to maintain his action, and the judgment of the trial court is reversed.

All the Justices concur, except SHARP. J., not participating.