## OKLAHOMA COAL CO. v. HAYS

No. 8482—Opinion Filed Dec. 17, 1918.

(176 Pac. 931.)

(Syllabus.)

### 1. Attorney and Client—Suit Against Adverse Litigant—Merits of Client's Cause —Right of Action.

Where an attorney was employed, and in pursuance of his contract of employment brought suit against a litigant whose interests were adverse to his client, and where such adverse litigant compromised the action without notice to the attorney, and the attorney thereafter brings an action against an adverse litigant to recover compensation for services rendered under the provisions of section 249, Rev. Laws 1910, it is not necessary for the attorney to produce evidence as to the merits of his client's cause in the action which has been compromised and settled. It will be sufficient if the attorney shows a contract of employment, the bringing of the action, compliance with the requirements of the statute for claiming a lien, and a compromise of the action by

such adverse litigant without notice to the attorney, and the value of the services.

### 2. Champerty and Maintenance—Provision Against Compromise—Public Policy.

A contract between an attorney and his client, which provides that the cause of action or suit in which the attorney is employed shall not be compromised without the presence or consent of both parties, is expressly authorized by section 248, Rev. Laws 1910, is not void, nor against public policy.

### 3. Attorney and Client—Action Against Adverse Litigant—Parties.

Where an attorney brings suit to recover a fee against an adverse litigant under section 249, Rev. Laws 1910, the client of such an attorney whose action has been compromised and settled is not a necessary party to such action.

### 4. Same—Judgment—Evidence.

Evidence examined, and held sufficient to sustain the judgment of the court.

Error from District Court, Okmulgee County; Tom D. McKeown, Assigned Judge.

Suit by James M. Hays against the Oklahoma Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William M. Matthews, for plaintiff in error.

John T. Hays, for defendant in error.

HARDY, J. James M. Hays sued the Oklahoma Coal Company to recover an attorney's fee under provisions of section 249, Rev. Laws 1910, and recovered a judgment, from which defendant prosecutes error.

Plaintiff alleged that he had been employed by one James Grayson to commence an action against defendant to recover an interest in certain real estate, and that suit was commenced therefor, and after the institution of said litigation said Grayson compromised and settled the subject-matter thereof by conveying to defendant his interest therein, and by causing said litigation to be dismissed without notice to plaintiff. Plaintiff proved the contract of employment, the commencement of proceedings against defendant, and the conveyance by Grayson to defendant, also proved the value of the interest in said land conveyed by Grayson. Demurrer to this evidence was overruled, and it is contended that the court erred because plaintiff failed to show a right of recovery upon the part of Grayson in the action which had been dismissed.

It was the uniform holding of this court under chapter 4, Session Laws 1909, p. 117, that an attorney who sought to recover a fee from an adverse litigant who had com-

promised and settled an action must show, in addition to the contract of employment, a compromise and settlement of the client's interest without notice to the attorney, and also produce evidence as to the merits of his client's cause and establish his client's right to recover. Herman Const. Co. v. Wood, 35 Okla. 103, 128 Pac. 309; Gulf, C. & S. F. Ry. Co. v. Williams, 49 Okla. 126, 152 Pac. 395; Crump v. Guyer et al., 60 Okla. 222, 157 Pac. 321; Whitehead v. Spriggs, 58 Okla. 42, 158 Pac. 439; Culver et al. v. Diamond et al., 64 Okla. 271, 167 Pac. 223; Allen v. Shepherd, 69 Okla. 47, 169 Pac. 1115. This act was amended by section 249, Rev. Laws 1910, in several important particulars. By said chapter 4, Session Laws 1909, an adverse litigant, who compromised with the client of an attorney who was entitled by his contract to a lien upon the subject matter of the litigation, was rendered liable to such attorney for the fee due him or to become due him under his contract of employment, and by section 4 of said chapter 4 it was expressly provided that if the fee had not been fixed by contract, the attorney's lien and cause of action should be for a reasonable amount for the services actually rendered, and also for such additional sums as it might be reasonable to suppose would have been earned by the attorney had he been permitted to complete his contact; and to show the amount which he was entitled to recover said section 4 expressly authorized the attorney to present upon the hearing the facts essential to establish the merits of the cause in which he had been employed. The provisions of said section 4 of said chapter 4 were not carried into Revised Laws 1910, and section 249 of Revised Laws 1910, provides that in case a party to an action or proposed action, whose interest is adverse to the client contracting with an attorney, settles or compromises the cause of action or claim wherein is involved an attorney's lien he shall thereupon become liable to such attorney for the fee due him, or to become due him, under his contract of employment, to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit.

The measure of liability under section 249 is different from that under chapter 4, Session Laws 1909, in that the recovery by the attorney is limited to reasonable compensation for the services actually rendered, and the liability of the adverse litigant who compromises the suit or proposed action does not depend upon the amount due, or to become due in the event the litigation is prosecuted to a final determination, but the clear intent of the section is that liability attaches upon the compromise of the cause of action to the extent of a reasonable compensation for the services performed, and it was not necessary for plaintiff to show that his client would have recovered in the original proceeding. When he showed the contract of employment, the commencement of the proceedings, claim of lien and the settlement and dismissal thereof, facts were presented which fixed a liability upon defendant, leaving only for consideration the amount which plaintiff was entitled to recover.

It is urged that the amount awarded plaintiff is unreasonable. The judgment was for $430, or a one-tenth interest in the land, and provided that if said amount be paid within 60 days it should discharge defendant of any obligation to convey his interest in the land. That part of the judgment which undertook to award plaintiff an interest in the land was erroneous, but this does not necessarily render the rest of the judgment void. It is urged that there was no evidence from which the court could determine the value of the services rendered by plaintiff. While there was no attorney who testified that the sum awarded would be reasonable compensation for the services performed, this is the only element of proof that was lacking. That, however, is not the only way by which the value of services rendered by an attorney may be arrived at. It is always competent, in a controversy as to the value of legal services, to prove the nature of the litigation and the amount involved, the care and diligence exhibited, the character and standing of the attorney, and the length of time required to perform the services. Baker v. Tate, 41 Okla. 353, 138 Pac. 171, 6 C. J. 750, 760. The usual method of proving the value of professional services where the value thereof is in issue is by calling attorneys acquainted with the customary charges for such services and proving by them the price usually charged and received for such services by other attorneys in the vicinity and practicing in the court where the services were rendered, but such testimony is not necessarily conclusive upon either the court or jury trying the case. 6 C. J. 763, § 354. It has been held that evidence of this character is not necessary when the other evidence in the case is sufficient to form a basis for determining the value of the services. Noftzger v. Moffett et al., 63 Kan. 354, 65 Pac. 670. The case was tried to the court without a jury, and we think there was sufficient evidence upon which the court was justified in finding plaintiff was entitled to recover the sum awarded.

Neither was the contract void because

against public policy. Section 248 Rev. Laws 1910, expressly permits attorneys to contract for a contingent fee not to exceed 50 per centum of the net amount of any judgment that may be recovered or compromise that may be made, and also provides that no compromise or settlement entered into by a client without the attorney's consent shall affect or abrogate his lien. A contract of this character was upheld in the case of Spaulding v. Beidleman, 60 Okla. 183, 160 Pac. 1120.

Grayson was not a necessary party to this proceeding. The right of action given by the statute is against the adverse litigant who settles the cause of action upon which the attorney has a lien, and this liability arises by virtue of the compromise and settlement of the litigation without notice to the attorney. The purpose of the statute is to secure compensation to the attorney and the adverse litigant who settles with a client under such circumstances cannot be heard to urge that the attorney should pursue the client, and thereby enable him to escape with the subject-matter upon which the attorney's lien has been impressed.

The judgment is affirmed.