### ORWIG et al. v. EMERICK.

No. 14436—Opinion Filed Oct. 14, 1924.

Rehearing Denied Dec. 2, 1924.

(Syllabus.)

1. Attorney and Client—Contract for Contingent Fee—Liability of Adverse Party Effecting Compromise with Client—Evidence.

The provision in section 4103, Comp. Stat. 1921, relating to attorneys fees and liens, viz., "And such attorney in order to recover need not establish that his client, if the

case has gone to trial, would have been successful in the action, but the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action," taken in connection with the remainder of the section, means that proof of settlement by the adverse party without the consent of the attorney establishes a prima facie case that the adverse party so making settlement was liable in the action.

## 2. Same—Extent of Recovery.

Where an attorney, having a contract with his client for a percentage of the amount of money or property to be sued for, brings the action for such client and complies with the law as to fixing his lien for such an amount, and the adverse party, after the beginning of such action and before verdict or judgment, settles or compromises such action without notice to or consent of such attorney, such adverse party thereby becomes prima facie liable to the attorney for the contract fee, not exceeding 33 1-3 per cent. of the amount recoverable in the action.

## 3. Same—Action for Fee—Issues and Proof.

In such case the attorney may proceed against such adverse party in an action to recover his fee, and proof of the contract, of compliance with the lien law and of the settlement without notice to him and without his consent, establishes prima facie the liability of the defendant, subject to rebuttal proof. It then devolves upon the attorney to go forward and show the extent of the probable recovery in the original action to the end that the fee may be fixed in accordance with the percentage agreement, not in excess of the statutory limit.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by J. L. Emerick against S. S. Orwig and W. O. Huckabay, Judgment for plaintiff, and defendants bring error. Reversed and remanded.

J. Read Moore and S. S. Orwig, for plaintiffs in error.

Thos. J. Horsley and C. Guy Cutlip, for defendant in error.

GORDON, J. On the 15th day of January, 1920, a contract was entered into between J. L. Emerick, an attorney at law, of Wewoka, Okla., of the one part, and Primus Dean and Ruthie Dean, his wife, of the other part, by the terms of which Primus Dean and Ruthie Dean employed J. L. Emerick to file suit to recover certain lands in Seminole county, Okla., and in said contract it was agreed that said Emerick should receive as a contingent fee an undivided one-half interest in said lands or in so much as might be recovered, together with one-half of all rents that should be recovered in the suit for that purpose. Pursuant to the contract, the suit was filed by said attorney, and by this suit it was sought to recover the lands aforesaid and the sum of $1,200 as rents thereon. Upon the petition in the cause, attorney for plaintiffs indorsed the words "Attorney's Lien Claimed." This petition was filed on January 15, 1920, and on May 17, 1920, before trial or judgment, the defendants in the action, without the consent of Emerick, compromised and settled the cause by paying to the plaintiffs the sum of $100, and receiving a warranty deed to the property in controversy, the action being dismissed by the plaintiffs with prejudice on May 18, 1920, in compliance with the settlement agreement. On February 8, 1921, Emerick began an action against Orwig and Huckabay, defendants in the above mentioned suit, in which he sets forth the contract above mentioned, the filing of the suit against Orwig and Huckabay pursuant to said contract, the indorsement of "attorney's lien claimed" on the petition therein, the settlement and dismissal of the action without his knowledge and consent, concluding with the prayer that he be declared to be the owner of an interest in and a lien upon the lands involved to the extent of an undivided one-half interest therein and with the further prayer that he have judgment against the defendants for the sum of $600, being one-half of the rents sued for in the former action, and that said judgment for $600 be made a lien against the land. Defendants, Orwig and Huckabay, in their answer admitted the contract between Primus Dean and Ruthie Dean on the one hand, and J. L. Emerick on the other; they admit that Emerick instituted the suit against Orwig and Huckabay as above set out, and that he indorsed upon the petition therein the words, "Attorney's Lien Claimed." They further admit that the plaintiffs in said action dismissed the same, and that the plaintiffs executed and delivered to Huckabay their deed to the lands in question. They deny that Emerick has a lien by reason of his contract or by reason of his indorsement upon the petition. They allege that the employment contract is void because champertous; that Primus Dean and Ruthie Dean were not in possession of the lands in question, nor had they taken the rents and profits thereof for the space of one year prior to the date of said contract, and alleged certain other reasons not urged here on account of which they say the contract was void. Defendants further answer that chapter 22 of the Session Laws 1919, upon which

plaintiff bases his cause of action, is void, and in contravention of section 7, article 2, of the Constitution of the state of Oklahoma, and of the Fifth Amendment to the Constitution of the United States, for the reason that said statute attempts to deprive these defendants of property without due process of law. They allege that if said suit had proceeded to trial, Primus Dean and Ruthie Dean would not have prevailed therein, because they had by warranty deed. dated December 23, 1916, conveyed the land in question to the defendant Orwig, and that the defendant Huckabay had acquired these lands by proper conveyance. They deny that the rents were worth the sum of $1,200, and pray to be discharged.

Upon the trial, Emerick, defendant in error here, introduced his contract, together with the pleadings in the suit filed by him pursuant to his contract, proved the indorsement upon the petition of "attorney's lien claimed"; proved the settlement and dismissal of the action without his consent, and rested. Defendants attempted to introduce certain evidence touching the validity of the cause of action in the suit filed, but the trial court took the position that under the statute plaintiff was entitled to recover upon proof of the compromise and dismissal of the action without his consent, and directed a verdict in favor of the plaintiff and against the defendants for the recovery of one-third interest in the lands and the sum of $400 as rents. Motion for new trial was made and overruled; judgment was entered upon the verdict and the cause is regularly here for review.

Plaintiffs in error make several assignments of error, but rely upon two contentions: First. That that portion of section 4103, Comp. Stat. 1921, providing that "the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action," is in violation of the Constitution of the state of Oklahoma; and, second, that the trial court erred in rendering a personal judgment against the defendant S. S. Orwig, because in the suit brought by Emerick for Primus and Ruthie Dean no such personal judgment was sought. We will consider first, the statute under which recovery was had in the action before us.

The subject of attorney's lien is covered by sections 274 to 277, inclusive, of Compiled Laws of Oklahoma, 1909. The lien is provided for in section 274; contingent fees are authorized in section 275. Both sections provide that no compromise or settlement entered into by a client without the attorney's

consent shall affect or abrogate the lien. Section 276 provides that in case settlement or compromise shall be made without notice to the attorneys and an opportunity to be present, the adverse party making the settlement "shall thereupon become liable to such attorney for the fees due him or to become due him under his contract of employment, and such attorney may enforce any lien provided for by this act in any court of competent jurisdiction by action filed within one year after he becomes aware of such compromise."

The question before us here is as to the amount recoverable by the attorney in a case where the fee is contingent and the attorney's interest is a percentage of the amount to be recovered.

Section 277, Comp. Laws 1909, provides in part: "Should the contract be for a contingent fee and specify the amount for which action is to be filed, then the lien and cause of action, as aforesaid, shall be for the percentage of the amount to be sued for, as mentioned in said contract."

In the Revised Laws of Oklahoma 1910, the compilers explain or limit the compensation in such cases by providing in section 249 that in case of such compromise or settlement, the adverse party shall become liable to such attorney "for the fee due him or to become due him under his contract of employment, to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit."

In 1919, the Legislature amended section 249 of Revised Laws 1910, and the second section of the amended law, which section 4103, Comp. Stat. 1921, contains the provisions involved in this action. Section 4103, supra, provides:

"Section 4103. Amount of Recovery. Should the amount of the attorney's fees be agreed upon in the contract of employment, then such attorney's lien and cause of action against such adverse party shall be for the amount or portion of the property so agreed upon. If the fee be not fixed by contract the lien and cause of action, as aforesaid, shall be for a reasonable amount for not only the services actually rendered by such attorney, but for a sum, which it might be reasonably supposed, would have been earned by him, had he been permitted to complete his contract, and been successful in the action, and such attorney in order to recover need not establish that his client, if the case has gone to trial, would have been successful in the action, but the fact of settlement shall be sufficient without other proof to establish that the party making the

settlement was liable in the action. Should the contract be for a contingent fee, and specify the amount for which action is to be filed, then the lien and cause of action, as aforesaid, shall be for the amount contracted for if fixed at a definite sum of money or for the percentage of the amount or property sued for as mentioned in said contract where the fee is fixed on a percentage basis, not exceeding thirty-three and one-third per cent. of the amount sued on where the settlement is before a verdict or judgment and if made after verdict or judgment, then the full contract price."

The statutes of 1909, above set out, are substantially the same as those found in the Compiled Statutes, 1921, above mentioned. The Act of 1919, in amending section 249, Revised Laws 1910, omitted the words "to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit" which had been inserted by the compilers, and provided further:

"And such attorney in order to recover need not establish that his client, if the case has gone to trial, would have been successful in the action, but the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action." Sess. Laws 1919, ch. 22, sec. 2; Comp. Stat. 1921, sec. 4103.

This statute of 1909 was construed by this court in the case of Herman Construction Co. v. Wood, 35 Okla. 103, 128 Pac. 309, and it was there held that where a compromise was made without consent of the attorney such attorney may prosecute a separate action against the adverse litigant making the compromise, for the fee due him or to become due him under his contract of employment as if the cause had gone to judgment, and at the trial the attorney may introduce evidence to establish the merits of his client's cause of action and the amount he would have been entitled to receive if the same had been prosecuted to judgment. Herman Construction Co. v. Wood, supra.

The statutes of 1910, supra, modifying that of 1909, as above set out, have been construed in the cases of Chowning v. Ledbetter, 86 Okla. 269, 208 Pac. 829, and in Oklahoma Const. Co. v. Hayes, 71 Okla. 248, 176 Pac. 931. In both cases it is held that the statute of 1910 has modified the statute of 1909, so that the liability of the adverse litigant making the compromise is limited to reasonable compensation for the services rendered, and it is further held that it was not necessary for the attorney to show that his client would have recovered in the original proceeding.

We have before us now the Act of 1919, as found in Compiled Statutes 1921, and the particular question involved arises upon the effect of section 4103, hereinbefore quoted. The difficulty in construing this section arises in cases where the fee fixed is contingent upon the amount of recovery, to which class of cases the latter portion of the section applies. Whether the fee be a certain per cent. of the amount of money or property recovered or a certain amount predicated upon success or failure in the suit, seems not to affect the conclusion to be obtained from the language. Taking the letter of the statute, it would seem, first, if the fee be not fixed by contract, that is, no definite sum or percentage of the money agreed on, the attorney may recover from the adverse party such a sum as would reasonably compensate him if he had been permitted to carry his cause to a successful conclusion, winning a verdict or judgment. Second, should the contract of the attorney be for a contingent fee and specify the amount for which action is to be filed, and the fee is fixed at a definite sum, then the lien shall be for the amount contracted for, not in excess of the percentage mentioned. But if he fixes his fee at a percentage of the amount to be recovered, then he may recover the amount of such percentage, not exceeding 33 1-3 per cent. of the total recovery where settlement is made before verdict or judgment. Into this second subdivision we must carry the clause that "the compromise carries with it the conclusive presumption that the adverse party was liable."

We find difficulty in the construction of this language. First, because if the recovery of the attorney's fee shall be based upon a percentage of the amount of money or property sued for, the presumption expressed is not sufficiently broad to cover the case. The presumption as expressed is that the plaintiff would have been successful in the action and that the defendant was liable in the action. Even so, in a suit for a sum of money, the success of the plaintiff is accomplished and the liability of the defendant is fixed when plaintiff recovers any portion of the sum sued for. The settlement by the adverse party would not, therefore, even under the literal wording of the statute, enable the court to say what proportion of the amount sued for would have been recovered by plaintiff, and consequently what sum under the percentage agreement would result to plaintiff's attorney as his fee. We are, therefore, again thrown back to the condition of the law as it existed in 1909, and as it is construed in Herman Con-

struction Co. v. Wood, cited above. Again, we are of opinion that if the language quoted is to be taken as constituting a conclusive presumption of the liability of the defendant in the action for the amount sued for, such a presumption is in violation of section 7 article 2 of the Constitution of our state, commonly known as the due process provision. Taylor v. Anderson, 40 Okla. 316, 137 Pac. 1183; Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929; Wilson v. Wood, 10 Okla. 279, 61 Pac. 1045; 2 C. J., page 1234, section 1009. In the cases cited from this court, it has been held that to make such evidence conclusive upon the parties affected is beyond the power of the Legislature. The defendant has a right to an opportunity to be heard. It is not enough that he might have litigated the original action and there had the question of liability decided; he has the right to be heard upon the question of the extent of his liability to plaintiff's attorney. In the case before us, the attorney had contracted for 50 per cent. of the amount of land sought to be recovered, which was 40 acres, and 50 per cent .of the amount of rent to be recovered. If we follow plaintiff's theory, then the act of settlement transferred, by operation of law, 20 acres of the land and one-half of the rent sued for from defendant to plaintiff's attorney, with no opportunity on defendant's part to be heard as to the amount of the fee or as to whether the suit was brought in good faith. This percentage is limited by the statutes, in cases settled before judgment, to 33 1-3 per cent., but the principle is the same.

We cannot conceive that it was the intention of the Legislature wholly to deprive the defendant of a hearing. Settlements of litigation are always favored, but the object of the Legislature is to protect the attorney against the making of settlement in fraud of his rights. It was intended, as evidenced by the language of the entire statute, to protect the attorney in such a reasonable fee as he would have earned had the cause been regularly conducted to judgment. The amount of such fee may be determined by showing upon a trial what amount his client would have recovered, or in showing what would constitute a reasonable charge for the attorney's services for the conduct of the cause to final judgment, had the settlement not intervened. In line with this construction is section 4104, Comp. Stat. 1921, wherein it is provided that the lien of the attorney may be released by the execution of a bond in double the amount claimed, or in such sum as may be fixed by the judge of the trial court, conditioned to pay the amount finally due the attorney for his services, which amount may be ascertained by suit on the bond. Here a trial is plainly contemplated. If the law were as contended for by defendant in error, such bond would be of no avail. There would be no issue left for determination.

The language in question, in order to give effect thereto, must be construed to mean that when the attorney has shown a compliance by him with the statute and the settlement, without notice, by the adverse party, a prima facie case only of liability against the defendant is established, but it then devolves upon the attorney to go forward and show the amount of probable recovery that would have been had in the original action.

We are of opinion, therefore, that the trial court erred in directing the jury to return a verdict in favor of the plaintiff for 33 1-3 per cent. of the land and of the rents sued for. Plaintiff should be allowed to recover, if the suit were instituted in good faith, his percentage of the amount which he may be able to show that his client would have recovered upon the trial, not in excess of 33 1-3 per cent. of such amount. We note that judgment was rendered in the trial against the defendant Orwig in the sum of $400 as rent, but in the original suit filed by defendant in error, which suit was compromised, such rent was sought against Huckabay only. It is clear, therefore, that no judgment could be rendered against Orwig, as he was not an adverse party as to this item.

The judgment of the trial court is reversed, with directions to grant a new trial in accordance with the views herein expressed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, BRANSON, LYDICK, and WARREN, JJ., concur.