## SMITH v. WESTGATE OIL CO.

No. 25431.   Jan. 28, 1936.

W. A. Smith and Harold D. Smith, for plaintiff in error.

McLaury & Hopps, for defendant in error.

PER CURIAM. The parties hereto occupy the same position as in the trial court. A demurrer to the plaintiff's amended peti-

tion was sustained and judgment rendered against the plaintiff for costs. The ultimate question for decision is whether or not the plaintiff's amended petition states a cause of action. The amended petition alleges, in substance, that the plaintiff is an attorney at law, engaged in the practice of law. On May 29, 1930, Vivian I. Knight and Essie Knight were the owners of a tract of land which was a part of Phillips & Mead addition to Oklahoma City, Okla. There was, at that time, pending before the planning board of Oklahoma City some procedure with reference to the drilling of an oil well in the vicinity of this land under some regulatory ordinance of said city. There was on the land at that time an oil and gas lease executed by Elizabeth She'by et al., strangers to the title, to L. M. Hickey.

On May 29, 1930, the Knights employed the plaintiff, Smith, as their attorney to represent them in the proceedings before the planning board, and also to bring an action or take whatever procedure might be necessary to cancel the Shelby lease. The Knights agreed to pay the plaintiff $32.50 in cash as his attorney's fee, and give him a five-year oil and gas lease on the land which they owned. Their part of this agreement was fully performed. They paid the plaintiff the $32.50 in cash and executed and delivered to him an oil and gas lease, which he accepted and recorded in the office of the county clerk of Oklahoma county, Okla., on the 31st day of May, 1930. The Hickey lease was subsequently assigned to the defendant, Westgate Oil Company. On February 9, 1931, a suit was brought by Mary Elston and a large number of other parties against the Westgate Oil Company to cancel this lease.

On June 22, 1931, the plaintiff, Smith, intervened in this case on his own behalf, setting up his oil and gas lease of May 29, 1930, and sought to establish its superiority over the Hickey lease. He also intervened at the same time on behalf of his clients, the Knights, and filed an intervening petition on their behalf, seeking to cancel the Hickey lease as a cloud on their title.

On January 25, 1932, the defendant, Westgate, attempted to settle with the plaintiff as to his interest under his oil and gas lease, but they were unable to reach an agreement. On the 28th day of January, 1932, the defendant, Westgate, without the knowledge, consent, or approval of the plaintiff, settled with the plaintiff's clients as to their claim set forth in their intervening petition in the Elston Case, and procured a dismissal of their intervening petition with prejudice and a ratification of the Hickey lease. This dismissal was filed in the Elston Case on February 1, 1932.

On February 4, 1932, the plaintiff served the defendant with a written notice that he claimed a lien on his clients' cause of action for his attorney's fee.

On April 23, 1932, the court made an order in the Elston Case, dismissing the intervening petition of the Knights with prejudice and dismissing the intervening petition of Smith without prejudice.

On April 28, 1932, the plaintiff filed a motion in the Elston Case, while his motion miss the plea of intervention, and on May 17, 1932, filed a motion to reinstate the case.

On October 15, 1932, the plaintiff filed a motion in the Elson Case, while his motion to reinstate was still pending, seeking to recover an attorney's fee against the defendant.

The Westgate Oil Company then brought a suit against Smith, the purpose of which was to test the rights of Westgate and Smith under their respective oil and gas leases. Smith answered in that case, asserting the validity of his lease, and also filed a cross-petition whereby he sought, in a second cause of action, to recover an attorney fee from the defendant. The court sustained a demurrer to his cross-petition for misjoinder of causes of action, and allowed the defendant, Smith, to separately docket his second cause of action without cost, which was done on the 8th day of August, 1933. It is this case that is now before the court.

In addition to the foregoing facts, said amended petition alleged that his attorney fee for representing his clients was the oil and gas lease aforesaid; that the reasonable value thereof was $1,000; that the action of his clients, in dismissing their intervening petition in the Elston Case at the procurement of the defendant, precluded him from any recovery of his attorney's fee under his contract with his clients.

The plaintiff's case is predicated upon section 4206, O. S. 1931, which provides:

"Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved any lien as mentioned in the preceding section thereof, such adverse party shall thereupon become liable to such attorneys for the fee due him or to become due him under his contract of employment."

The lien referred to in this section is created by section 4204, O. S. 1931, which provides that an attorney shall have a lien on his clients' cause of action or counter-claim, and that no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record and indorsed thereon his name together with the words "Lien claimed." Any action under this section must be brought within one year after discovery of the settlement or compromise.

The first point presented is whether or not the amended petition shows on its face that the plaintiff's action was barred by the statute of limitations. It appears that he filed a motion to reinstate the Elston Case after it was dismissed and an application to recover an attorney's fee from his clients' adversary. He also sought to enforce the same right by cross-petition in the Westgate Case. Both of these proceedings were well within one year after the settlement complained of. Both of these proceedings were disposed of other than on the merits. One was disposed of by motion to strike, and the other by demurrer for misjoinder. If any action be commenced in due time and fail otherwise than on the merits, a new action may be commenced within one year under section 106, O. S. 1931. The new action was docketed within one year and was not barred.

The next question presented is whether or not there is sufficient allegation of a settlement or compromise of his clients' cause of action or claim. Any agreement, contract, or arrangement between litigants, or any conduct of the one seeking affirmative relief at the instance and procurement of his adversary which deprives such litigant of his asserted right against his adversary, constitutes a settlement or compromise of his cause of action of claim under section 4206, O. S. 1931. Western States Oil & Land Co. v. Helms, 143 Okla. 206, 288 P. 964. The allegations of a settlement or compromise were sufficient against a general demurrer.

When no lien claim is indorsed on the pleading filed in a court of record, an attorney's lien on his clients' cause of action is effective only from the time of service of notice on his clients' adversary setting forth the nature of his lien and the extent thereof. The settlement complained of was made on January 28, 1932. The notice, the character of which is not set forth in the amended petition, except to say that he notified them that his lease of May 29, 1930, was his fee, was served February 4, 1932. This was subsequent to the settlement complained of.

The liability sought to be enforced is created by section 4206, O. S. 1931. That statute provides for such liability in any case where a lien is involved as provided in section 4204. That section provides that the lien shall be effective from and after service of notice. As no lien was involved when the settlement was made, no liability arose by reason of the alleged settlement. For this reason the demurrer was properly sustained.

The action of the trial court in sustaining a demurrer to the amended petition and rendering judgment for the defendant is affirmed.

The Supreme Court acknowledges the aid of Attorneys Everett Petry, John V. Beveridge, and E. E. Hanson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Petry, and approved by Mr. Beveridge and Mr. Hanson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.