## WIMBISH v. LEA et al.

No. 27279.   Oct. 5, 1937.

Claude V. Thompson and Robert J. Wimbish, for plaintiff in error.

W. W. Pryor and Hugh M. Sandlin, for defendants in error.

PHELPS, J. On December 3, 1931, Fannie Lea desired to obtain a divorce from her husband and to quiet her title in certain lands which she claimed her husband had conveyed to her by deeds which, she claimed, had since been altered by the erasure of her name as grantee and the substitution of the name of Sue Lea for her own. She claimed that her huband had forced her to make such erasure and substitution, and to add her own name as one of the grantors.

On that date she entered into a written contract with the plaintiff in error, who is an attorney, whereunder she agreed to pay him for his services twenty-five per cent. of whatever amount he should recover for her in bringing suit against her husband and Sue Lea. The attorney filed the suit, naming the husband and Sue Lea as defendants. Therein he alleged the foregoing facts, in substance, and prayed for a divorce, alimony, attorney's fee, and one-half of the value of all property accumulated during coverture of the parties; the prayer further asked that the defendant Sue Lea be decreed to have no right, title or interest in the property. The attorney endorsed his name on the petition, together with the words "lien claimed," for the purpose of perfecting his attorney's lien under authority of section 4204, O. S. 1931, 5 Okla. St. Ann., sec. 6.

It appears from the pleadings in the case that the husband was declared insane by the county court prior to the filing of the petition, but was not committed to the state hospital for the insane until after the filing, and summons was served upon him during the interim. No guardian ad litem was appointed. Shortly thereafter Fannie Lea, the wife, plaintiff in that action, through the attorney, filed an application for a restraining order against Sue Lea, her husband's sister, barring her from possession of the property described in the petition. The court sustained said application and issued its restraining order against Sue Lea. It does not appear, however, that this restraining order was ever enforced.

From all practical viewpoints the foregoing was all that was ever done in that lawsuit. The husband returned from the hospital for the insane and began living again in the property and at that time the wife, Fannie Lea, returned to him and being so reconciled they continued living together on the property as they had been living prior to the separation. In a short while thereafter the husband died. The property remained of record in the name of his sister, the defendant Sue Lea, and apparently so remains to this day. Sue Lea does not contend, and never has contended, that the property belonged to her, and all parties seem to be agreed that she is holding it in trust for her brother's widow, Fannie Lea.

The case lay dormant in the district court for about four years, until 1935, when the attorney filed in the office of the county

clerk the written contract covering his original employment, and appended thereto his claim to a one-fourth of an undivided one-half interest in the real estate. He then filed a motion in the original action, wherein he sought to enforce the lien which he claimed. At about the same time Sue Lea and Fannie Lea instituted a separate action against the attorney wherein they drew attention to the instrument which he had filed with the county clerk, and prayed that it'be cancelled and that their title be quieted as against him. Hearing was had on the attorney's motion in the original case, and immediately thereafter trial was had on the petition filed by Sue Lea and Fannie Lea, the issue on both the motion and the petition being substantially the same. The trial judge ruled against the attorney on his motion, and in favor of Fannie Lea and Sue Lea on their petition, which ruling was in effect that the attorney was not entitled to the enforcement of his attempted lien, and the attorney now appeals to this court, seeking to reverse the judgment.

The theory of the attorney is that Fannie Lea, his former client, and Sue Lea, who were opposite parties in that action, compromised the action without his consent and thus deprived him of his fee, in which case he would be entitled to maintain an action against both of them for said fee, and to enforce his lien therefor. Section 4204 et seq., O. S. 1931, 5 Okla. St. Ann. sec. 6 et seq. But this assumption that they compromised is not supported by the record. It is undenied that the attorney did not prosecute the action to final conclusion, and it is evident from the record that he obtained no substantial relief for the client. Accordingly, the only basis remaining upon which the attorney could enforce his claim would be that of compromise between the litigants, without his knowledge or consent. But we fail to discover any evidence in the record upon which the trial court could reasonably have found that there had been a compromise. It is true that the two women became friendly, and that they joined in the trial court against the attorney to clear the title, but the undisputed evidence is that the legal title of the property still remains in the name of Sue Lea, the deceased husband's sister, where it has always remained. The widow, Fannie Lea, appears to be satisfied with that arrangement. Possibly on her part this was an abandonment of the original action (though not necessarily a collusive abandonment), in which case she would owe the attorney a fee for the reasonable value of his services. The undisputed evidence is that she paid him $50, and Fannie Lea testified that the payment of said $50 was for the purpose of compensating him for his services, and was made when her husband returned and they resumed their living together.

Any arrangement between the litigants or any conduct of the one seeking affirmative relief, done at the instance of his adversary, which would deprive the litigant of his asserted right against his adversary, constitutes a settlement or compromise of action within the statute giving the attorney a lien for his fees (Smith v. Westgate Oil Co., 175 Okla. 573, 53 P. (2d) 1090), but where the adverse party does not settle or compromise the cause of action he does not become liable for the fees (Boulding v. Slick, 161 Okla. 189, 17 P. 391), and in such an action to enforce the lien the plaintiff attorney must show that the litigation was compromised without notice or opportunity to him to be present and establish his client's rights (Whitehead v. Spriggs, 58 Okla. 42, 158 P. 439).

There is little or no evidence of a compromise. There is evidence of an abandonment of the action, both by the client and by the attorney. There is, further, evidence that upon such abandonment the attorney was paid on a quantum meruit basis. It is therefore unnecessary to consider the validity or illegality of contingent fees in divorce actions, or whether the principles pertaining thereto are applicable to the instant case.

The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.