CADWELL et al. v. RYAN, Ex'r.

No. 28203. Dec. 13, 1938.

Rehearing Denied Jan. 17, 1939.

C. B. Leedy, for plaintiffs in error.

F. R. Blosser, for defendant in error.

DAVISON, J. This action was filed in the district court of Ellis county to obtain a judgment on a note in the principal sum of $1,450 dated April 19, 1922. The note was made payable to the order of the Pittsburg Mortgage Investment Company on May 1, 1929. The payment of the note was secured by a real estate mortgage.

The action was filed in the name of Bernard Ryan, executor and trustee of the estate of Lafayette H. Beach, deceased, against Clyde Cadwell, Anna Cadwell, and C. D. Sample, trustee in bankruptcy of the bankrupt estate of the Pittsburg Mortgage Investment Company, the Home Royalty Association, and C. B. Leedy, defendants.

Defendant Clyde Cadwell filed his motion to dismiss the action. The motion was based upon the grounds of failure to prosecute with diligence and statute of limitations. The motion to dismiss was overruled and defendants Clyde Cadwell and C. B. Leedy filed their separate answers and cross-petitions. The cause was tried to the court and judgment rendered for the plaintiff. Defendants Clyde Cadwell, Anna Cadwell, and C. B. Leedy have appealed.

The record shows that there was an assignment by the Pittsburg Mortgage Investment Company of the note and mortgage sued on herein to L. H. Beach and to his heirs and assigns. The assignment was dated May 5, 1922, and a copy of same attached to the plaintiff's petition herein.

The record further discloses that on August 31, 1929, an action was brought in the district court of Caddo county by the Pittsburg Mortgage Investment Company to foreclose on the same note and mortgage herein involved and which had some years prior been assigned as shown herein. That suit was No. 4019. For want of prosecution, that suit was dismissed on October 6, 1931.

Defendants first contend that the Pittsburg Mortgage Investment Company was a privy and an agent of L. H. Beach, the owner of the note and mortgage, and that Beach brought the first action through his agent and privy, the Pittsburg Mortgage Investment Company, and that the failure to appeal from the order of dismissal for want of prosecution constituted a final determination of the cause. It is further contended that, no new action being filed within one year, the action was barred.

There was no allegation in the answer of either of the defendants to the effect that the Pittsburg Mortgage Investment Company was the agent for or in privy with the plaintiff at the time its suit was filed, and such a contention presented here for the first time will be disregarded.

It is further shown the plaintiff herein filed a separate action, No. 4444, on December 29, 1932, for the purpose of foreclosure upon the same note and mortgage here involved, and that the same was dismissed by the court on December 18, 1935, for want of prosecution. Prior to that, and on May 1, 1934, the note and mortgage would have been barred by the statute of limitations, but the plaintiff had one year from December 18, 1935, in which to file a new action, and on June 8, 1936, and within the one-year period, the plaintiff filed the present action, No. 4847. It is not contended that any of the suits had been dismissed with prejudice.

If the court dismisses an action on account of any of the six causes set out in section 418, O. S. 1931 (12 Okla. St. Ann. sec. 683), it must be done, as therein provided, without prejudice to a future action.

Section 106, O. S. 1931 (12 Okla. St. Ann. sec. 100), provides:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he dies, and the cause of action survive, his representatives may commence a new action within one year after reversal or failure."

This section has received literal interpretation by this court as well as by the Supreme Court of Kansas, from which state the law was adopted in Oklahoma with all of its interpretations.

In Amsden v. Johnson et al., 74 Okla. 295, 158 P. 1148, this court held:

"Where an action is timely brought and dismissed without a trial upon the merits, and another action for the same cause of action is brought within one year from the dismissal of such action, such second action is not under section 4662, Revised Laws 1910, barred, notwithstanding that the time for originally filing said first action shall have expired, and said section 4662 applies to all actions, whether statutory or under the common law."

This early interpretation of this statute is sustained in Smith v. Westgate Oil Co., 175 Okla. 573, 53 P.2d 1090; Chickasha Cotton Oil Co. v. Radney, 172 Okla. 368, 45 P.2d 54, and many other decisions of this court, applying the rule to various kinds of

actions where -limitation statutes apply. This statute must not be misconstrued, since it only applies when the action was commenced within due time, and there must have been a failure otherwise than upon the merits after the general limitation of time to bring such action had expired. Meshek v. Cordes et al., 164 Okla. 40, 22 P.2d 921; English v. T. H. Rogers Lumber Co., 68 Okla. 238, 173 P. 1046. In the instant case, the note would have been barred by the statute of limitations on May 1, 1934. Suit No. 4444 was filed prior to that time, and was dismissed December 18, 1935, which was after the time the statute would have run. The plaintiff was allowed one year after December 18, 1935, in which to file a new action, and the present action was filed on June 8, 1936, within the one-year period.

It is contended that the judgment is not sustained or supported by sufficient evidence and is contrary to the evidence, and that the instruments offered in evidence were not authenticated as required by law and were not the best evidence and were wrongfully admitted in evidence.

As has been shown herein, the original note and mortgage involved were assigned by the Pittsburg Mortgage Investment Company to L. H. Beach and his heirs and assigns. This action was brought in the name of Bernard Ryan, executor and trustee of the estate of Lafayette H. Beach, deceased. Letters testamentary were introduced in evidence properly certified to by Mabel Ryan, the clerk of the surrogate's court in the county of Orleans, and state of New York, with proper certificate of the official capacity of Mabel Ryan. These copies were certified to by the clerk of the court under which they were issued.

We think the authority to bring this action in the district court of Ellis county by the personal representative of Lafayette H. Beach, deceased, upon the authority presented from the surrogate's court of the state of New York was fully authorized by section 1207, O. S. 1931 (58 Okla. St. Ann. sec. 262), and that such proceeding fully met the requirements of the law.

Defendant further contends that certain payments had been made on the note to Pittsburg Mortgage Investment Company for which no credit was received, and that the last payment was made May 20, 1929.

The deposition of Mr. Ryan, the executor and trustee of the estate, was to the effect that the interest was paid to him about May 1st of each of the years, 1925 to 1930, inclusive, and was by him accounted for

in his annual account; that he received no payment of principal at any time; that the amount due on the note was $1,450 with interest from May 1, 1930.

The note and mortgage were introduced in evidence. No evidence whatever in support of his allegation of payment to the Pittsburg Mortgage Investment Company was introduced by the defendant. We must conclude that the testimony was sufficient to justify the court in finding that no part of the principal due on the note had been paid.

It is further contended that the court erred in refusing testimony of the defendants shown by exhibits 1 to 5, inclusive, in support of the defendants' contention that the action was barred by section 106, supra. That question has received due consideration herein and need not be further discussed here.

The contention that the plaintiff admitted payment of the sum alleged in defendants' answer, by failing to verify the reply thereto, is entirely without merit. The authorities cited in support thereof have no application whatever, since no written instrument was in dispute, but only payment thereon was questioned. A plea of payment is an affirmative defense, and this court is not at liberty to sustain it without some substantial evidence in support of same. Vaughn v. Burt, 137 Okla. 136, 278 P. 630.

Finding no error, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, and HURST, JJ., concur. DANNER, J., absent.