# ADDISON COUNTY.

## JANUARY TERM, 1837.

---

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,
    "   SAMUEL S. PHELPS, } *Assistant Justices.*
    "   ISAAC F. REDFIELD,

---

PHELPS & BELL *v.* NATHAN WOOD.

Addison
January,
1837.

The jurisdiction of a justice of the peace, in the action book of account, is not affected by a charge made through mistake.

Neither is the jurisdiction, in such case, affected by the accruing interest during the pendency of the suit, or by a charge of interest, which the plaintiff *might* recover, if the suit would warrant a recovery to that extent.

Whether services, charged in plaintiff's account, were performed by him, at the request of defendant, is a matter of fact for the auditor to determine, and, unless it appears that he found the fact, without any evidence, it cannot be assigned as erro .

If the plaintiff bring a suit before a justice of the peace, who once continues the cause, and is absent at the second time appointed, by which the suit is necessarily discontinued, he may bring another suit within one year after such discontinuance, and the statute of limitations will not be a bar to the suit, unless the cause of action had become barred before the commencement of the former action.

Addison,
January,
1837.

Phelps & Bell
v.
Wood.

Such discontinuance, although not within the terms of the proviso of the statute of limitations, in relation to suits failing of trial on the merits, is so far within the equity of such proviso, as to prevent the statute from attaching.

Those general provisions, in our statute relating to judicial proceedings, which are framed with particular reference to the county and supreme courts, must, when necessary, be applied to justices' courts, with such qualifications, as are requisite to effect the object intended by the legislature.

This rule of construction is peculiarly applicable to statutes of limitation.

This was an action of book account, sued before a justice of the peace, and carried, by appeal, to the county court, and referred to auditors. By the report of the auditors, it appeared that the plaintiffs' account, as presented before them, contained one item of interest of $10, and that the sum of the debit side of such account was $100,58, upon which the defendant contended, that the county court had not appellate jurisdiction of the cause.

The plaintiffs, also, charged the defendant a bill of cost in chancery, in a bill of foreclosure, in favor of one Hart against Dickenson and others, upon lands in Middlebury, upon which defendant had a subsequent mortgage. It is found by the auditors, that the bill of foreclosure, although in the name of Hart, was for the benefit of defendant, he having contracted to buy the premises, which contract was afterwards consummated, and defendant having paid to plaintiffs another bill of cost in ejectment, in regard to the same subject matter, and between the same parties. From which, and other similar circumstances, the auditors find that the bill was brought at defendant's request, and allow the charge against him.

It was conceded on trial, by both parties, that two of plaintiffs' charges against defendant, of $5 each, were charged by mistake, and should not have been entered against defendant at all. These charges, and that for interest were disallowed.

The last charge in plaintiffs' account was more than six years anterior to the date of his writ in this suit, and the action was admitted to be barred by the statute of limitation, (which defendant insisted upon before the auditors,) unless it was saved by a former suit, brought by plaintiffs within six years, before a justice of the peace and by him once continued, and, the justice being absent, at the time, to which the cause was continued, the

suit failed, without the fault of the plaintiffs, and this suit was brought immediately after, six years having elapsed before the discontinuance of the former suit. The auditors reported in favor of plaintiffs, and the county court accepted the report.

Addison, January, 1837.

Phelps & Bell v. Wood.

*Starr & Bushnell, for defendant.*

From the facts found by the auditors, the plaintiffs are not entitled to recover.

I. The auditors do not find that the plaintiffs were employed by the defendant to foreclose the mortgage, or that the defendant ever agreed to be accountable for the costs of the foreclosure, one of which facts was necessary to be found explicitly, to enable the plaintiffs to recover, the defendant not being a party to the foreclosure. The auditors merely say that, from certain facts and circumstances, (which they state,) they infer that the foreclosure was prosecuted by defendant's advice and consent; which is not a sufficient finding in this case.

II. The action was barred by the statute of limitations. If the taking out of the previous writ by the plaintiffs would have prevented the operation of the statute, under some circumstances, it did not in this case.

The previous suit was abandoned *voluntarily* by the plaintiffs, any justice of the peace in the county having power, by the statute, passed Oct. 6, 1832, to adjourn the cause.

III. The court had not jurisdiction of the case. The debit side of plaintiffs' book exceeds $100. The error in the charges, admitted to have been made by mistake, was discovered on trial, and was not apparent on the plaintiffs' account. The charges by mistake, which have been decided not to have the effect to take the jurisdiction from the justice, are those where the mistake is apparent on the account, or is made so by the plaintiff, by a credit of the error, on the presentation of his account. *Catlin* v. *Aiken,* 5 Vt. Rep. 179. *Stone* v. *Winslow,* 7 id. 338.

*S. S. Phelps, for plaintiffs.*

I. As to the question of jurisdiction.

1st. This case falls within the principle of *Catlin* v. *Aiken,* 5 Vt. Rep. 177.

The account is made to exceed the limits of a justice's jurisdiction, by an error apparent on the face of the account.

Certain charges are, by mistake, footed and posted twice from

Addison,
January,
1837.

Phelps & Bell
v.
Wood.

the dockets, and by this means the footing of the account, in-cluding the same item twice, is made to exceed one hundred dol-lars.

Suppose the plaintiffs are turned round to their suit in the county court, would they not be obliged to treat their claim as less than $100?

Again, suppose the plaintiffs had, upon hearing before the auditors, entered a counter credit to correct the error, would the case have been different?

How is this case different from a misfooting of the account?

2d. The account is made to exceed the jurisdiction of the justice only by the addition of interest. Exclude this, and the account, including the double charge of the same item, falls within the justice's jurisdiction.

Now, if we deduct the interest, accruing since the trial before the justice, we restore the jurisdiction.

II. Upon the merits of [the claim no question of law arises.

The report is somewhat informally drawn, but it contains only a statement of the evidence, upon which the auditors found the facts for the plaintiffs.

III. Upon the question under the statute of limitations we have to say,

1st. That the statute never runs against the party, while he is pursuing his claim by action.

The first suit was brought before the statute had run, and thus the claim was saved.

The accidental failure of the suit, by the absence of the justice, on the day of the trial, would not bring the case within the statute.

Had the plaintiffs voluntarily withdrawn their suit, the case might have been different.

There are but two points of view, in which this statute may be regarded;—As proceeding upon the presumption of payment, or as a mere rule of policy.

The presumption of payment never arises when a suit is brought within the limitation, and most certainly such presumption is not aided by an accidental discontinuance, which, from the constitution of a justice court, often occurs.

Regarding the statute as a rule of policy, merely, we could never apply it to a case like this. If the party brings his action

within the specified period, he complies with the rule, and is not chargeable with negligence. If the suit fail without his fault, and he bring another action speedily, it would be extremely hard to interpose a presumptive bar, founded on no better reason than unavoidable delay.

The opinion of the court was delivered by

REDFIELD, J.—The first objection to the report is virtually disposed of, by the case of *Catlin* v. *Aiken*, 5 Vt. Rep. 179. A mere mistake in charge, whether it be corrected by a credit or erasure, or stand uncorrected, is not to affect the jurisdiction of the court. It would be almost too gross an absurdity to merit refutation. When the statute speaks of the " debit side of plaintiff's book," as a limit of the jurisdiction of justices of the peace, in actions of book account, it is intended to express the " plaintiff's book," as understandingly made up *by him*. Not that the question of jurisdiction is to be made to depend ultimately upon the plaintiff's *right* to charge, but upon what he did, in fact, charge, as a serious claim, in the shape of book debt. It is not necessary to decide here, what would be the effect of plaintiff's erasing from his account items of charge, when he abandoned all claim to recover them, if they had been originally and intentionally charged to defendant. It is difficult to perceive how *that* could injure defendant ;—but, surely, a mere mistake, either in charging or posting, should no more affect the question of jurisdiction, than a mistake in footing up the account.

The charge of interest, too, it is equally well settled, does not affect the jurisdiction. *Stone* v. *Winslow*, 7 Vt. Rep. 338. It would be monstrous injustice to hold, that the *accruing* interest, during the delay occasioned perhaps by defendant's appeal, should oust the jurisdiction of the court, which alon ehad jurisdiction of the case, when the suit was instituted. But it is evident no charge of interest, unless perhaps interest accruing by express contract, which is not often the case in this action, could so affect the book, that the plaintiff might not be permitted to waive the claim. It is an *accident* of the claim, and not of the substance of the charges, and, like a claim for exemplary damages in trespass, may always be waived.

Whether the defendant employed the plaintiffs to perform the services charged, or they performed them unasked, or for some other person, is a question of fact, resting exclusively with the auditors, and which they have determined, in this case, in favor

Addison,
January,
1837.
───────
Pholps&'Bell.
o.
Wood.

of plaintiffs. And although the testimony might have been doubtful, yet, there being some testimony for them to weigh, we cannot now inquire, whether, upon the whole, they decided as we should have done.

The statute of limitations presents a question of more difficulty. The first suit was commenced in time, and it was *discontinued*, but *without the fault of plaintiffs*. If we hold the debt barred, it was barred without the laches of the plaintiffs; and when no diligence on their part could have prevented it.

If the plaintiffs had discontinued their own suit, or voluntarily become non-suit therein, it is evident they could not rely upon that suit to prevent the operation of the statute of limitations. And the statute, in terms, does not extend to the case of a former suit, discontinued without the fault of the plaintiffs. The statute provides, that when any such suit shall fail; by reversal on writ of error, motion in arrest of judgment, plea in abatement, or on demurrer, " *and the merits of the cause shall not be tried,*" the plaintiff may, from time to time, commence another suit within one year after such judgment reversed, &c. It is evident this exception, or proviso of the statute, was intended to reach all those cases, where a suit was brought, and the merits of the action failed to be tried, without the fault of the plaintiff, and the period of limitations had become complete during the pendency of the suit. So that the present suit is clearly within the *equity* of the proviso, although not *strictly* within its terms. It may be said, too, that, should a suit be abated, without a plea, but on motion, as may sometimes be done, the case would not come within the exception. The same is true, where the plaintiff is compelled, by some error in pleading, variance, or otherwise, to become non-suit, without his own fault. And no doubt these and many other cases, not coming technically within the terms of the proviso, would still be held to come within its equity.

Such, indeed, has been the construction of the statute of limitions, that many cases, not within the equity of the statute, but within its terms, have been excluded from its operation. Any fact, which goes conclusively to rebut the presumption of payment, from the lapse of time, is permitted to obviate the effect of the statute. A new promise, even in the case of debt on judgment, is held to have this effect. *Gailer* v. *Grinnel*, 2 Aik. Rep. 349. What has been said, in some of the cases, of a new promise, giving a new cause of action, founded on the

consideration of the moral obligation to pay the pre-existing debt, has very little application to the action of debt, and is rather specious, than substantial, as applied to the action of assumpsit. The true reason, why a new promise takes any case out of the statute of limitations, is, that it conclusively rebuts the presumption of payment, and shows the case not within the equity of the statute.

In *Ferris* v. *Barlow,* 8 Vt. Rep. 90, it was held, that the time, during which a debtor remained in jail, would not be reckoned in computing the eight years from the rendition of the judgment, in order to fix the time of such judgment being barred, and that, after his release from jail, the statute would begin to run, as from the rendition of the judgment. In *Hall* v. *Hall,* 8 Vt. Rep. 156, it was held, that the statute of limitations will not operate upon a judgment apparently satisfied by levy upon lands, acquiesced in by both parties, although defective and afterwards so adjudged.

In the case of *Baxter* v. *Tucker,* 1 D. Chip. Rep. 353, it was decided, that the statute of limitations did not run against a *scire facias,* brought to revive a judgment, when the execution had been levied upon property not the debtor's. These cases are all decided upon the principle of regarding the spirit and intent of the statute, rather than the strict interpretation of its terms. We are inclined to adopt the same doctrine here, because we think it just and well warranted, by decided cases in reference to this subject. As a general rule, I should be averse to adopting such a rule of construction, in regard to other statutes, as being unsafe and unsatisfactory. But statutes of limitations regard the remedy, and, being founded upon an arbitrary ground of presumption, require to be liberally expounded to prevent injustice. To such an extent have the courts, in some instances, carried this doctrine of the equitable construction of the statutes of limitations, as to infringe their just operation. But, in deciding the present case, within the proviso of that statute, saving causes when the merits have not been tried, we do not intend to countenance such latitudinarian construction, as has sometimes been attempted.

It is evident this proviso has reference, in its phraseology, to the county and supreme courts, and would not be likely specially to enumerate cases, which could not there occur. A case there could never be discontinued on account of the absence of the court, for the sheriff in such case, is to adjourn the court.

Addison,
January,
1837.

Phelps & Bell
v.
Wood.

But in causes before justices of the peace, there is no provision for the cause being continued in the absence of the justice, except " on the day set for trial," which has been decided not to apply to causes once continued. *State* v. *Bates*, 3 Vt. Rep. 320. This, then, undoubtedly is a *casus omissus*, and, as such, ought to be considered within the equity of the proviso. The same may be said of the provision of the statute for surrendering the principal in court, in discharge of the bail, pending the original action. The provisions are applicable, more particularly, to the higher courts, but must be applied, *mutatis mutandis*, to justices' courts.

Judgment affirmed.