### THRAVES v. TUCKER et al.

No. 8397—Opinion Filed Dec. 19, 1916.

(161 Pac. 1069.)

(Syllabus by the Court.)

**Appeal and Error—Time for Taking Proceedings—Statutory Provisions.**

Under section 4452, St. 1893 (section 5255. Rev. Laws 1910), as amended by Act Feb. 14, 1911 (Sess. Laws 1910-11, c. 18, p. 35), a proceeding to review an order denying a motion to vacate a prior judgment must be commenced within six months from the date of such order.

(a) Within the meaning of this section of our statutes, following the statutory rule in the trial courts (section 3892, St. 893, the same being section 4659, Rev. Laws 1910), such a proceeding for a review is commenced, as to each defendant in error, at the date of the summons which is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him, provided such service of summons is actually made within 60 days from said date, and provided further that, where an attempt to commence such a proceeding, as, for instance, by filing a praecipe for summons, is made before the date of such summons, followed by a faithful, proper and diligent endeavor to procure service and, within 60 days, by actual service of such summons, such proceeding shall be deemed to have been commenced at such earlier date, and provided still further, where service by publication is proper and is actually made, such proceeding shall be deemed commenced at the date of the first publication, or, if a faithful, proper, and diligent endeavor be made at an earlier date to procure such service, as, for instance, by praecipe and other prerequisite steps, and within 60 days thereafter such first publication is actually made, such proceeding shall be deemed commenced at the date of such attempt.

(b) Where such proceeding is not so commenced within said limited period of (6) months, a motion to dismiss the same will be sustained and such proceeding dismissed.

Error from District Court, Nowata County; A. C. Hough, Special Judge.

Motion by W. V. Thraves against W. B. Tucker and another to vacate a prior judgment. Order overruling motion, and Thraves brings error. Dismissed.

Tillotson & Elliott, for plaintiff in error.

A. B. Campbell and J. H. Keith, for defendants in error.

THACKER, J. On December 20, 1915, the motion of the plaintiff in error to vacate a prior judgment against him in the trial court was overruled; and on June 17, 1916, he filed his petition in error in this court to obtain a review of the order overruling that motion, but has not procured the service or issuance of summons, nor filed a praecipe therefor, and the defendants in error have not entered a general appearance here, nor otherwise waived the necessity for summons.

The defendants in error now move for a dismissal of this appeal upon the ground that no "proceeding" for a review in this court has been commenced within six months from the date of that order.

Under section 4452, Statutes 1893 (section 5255, Rev. Laws 1910), as amended by Act Feb. 14, 1911 (Session Laws 1910-11, c. 18, p. 35), a proceeding to review an order denying a motion to vacate a prior judgment must be commenced within six months from the date of such order. Within the meaning of the above-cited section of our statutes, following the statutory rule in the trial courts (section 3892, Statutes 1893, the same being section 4659, Rev. Laws 1910), such a proceeding for a review is commenced, as to each defendant in error, at the date of the summons which is served on him, or on codefendant who is a joint contractor or otherwise united in interest with him, provided such service of summons is actually made within 60 days from said date, and provided further that, where an attempt to commence such a proceeding, as, for instance, by filing a praecipe for summons, followed by a faithful, proper, and diligent endeavor to procure service, and within 60 days by actual service of such summons, such proceeding shall be deemed to have been commenced at such earlier date, and provided still further, where service by publication is proper and is actually made, such proceeding shall be deemed commenced at the date of the first publication, or, if a faithful, proper, and diligent endeavor be made at an earlier date to procure such service, as, for instance, by praecipe and other prerequisite steps, and within 60 days thereafter such first publication is actually made, such proceeding shall be deemed commenced at the date of such attempt. Barber Asphalt Paving Co. et al. v. Botsford et al., 50 Kan. 331, 31 Pac. 1106. Where such proceeding is not so commenced within said

limited period of six months, a motion to dismiss the same will be sustained and such proceeding dismissed. Watkins et al. v. Barnwell, 35 Okla. 205, 128 Pac. 511, and cases therein cited.

As it appears that no proceeding has been commenced in this court to review the order mentioned within six months from the rendition of the same, as required by the sections of the statutes cited, the motion to dismiss this appeal is sustained, and this appeal is dismissed.

All the Justices concur.