## ONE FORD AUTOMOBILE AND 125 QUARTS OF WHISKY v. STATE.

No. 8496—Opinion Filed Jan. 9, 1917.

(162 Pac. 779.)

(Syllabus by the Court.)

### Appeal and Error—Motion to Vacate Judgment—Review—Time for Proceeding—Statute—Dismissal.

Under section 4452, St. 1893 (section 5255, Rev. Laws 1910), as amended by Act Feb. 14, 1911 (Sess. Laws 1910-11, c. 18), a proceeding to review an order denying a motion to vacate a prior judgment must be commenced within 6 months from the date of such order.

. (a) Within the meaning of this section of our statutes, following the statutory rule in the trial courts (section 3892, St. 1893, the same being section 4659, Rev. Laws 1910), such proceeding for a review is commenced, as to each defendant in error, at the date of the summons which is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him, provided such service of summons is actually made within 60 days from said date, and provided further that, where an attempt to commence such a proceeding, as, for instance, by filing a praecipe for summons, is made before the date of such summons, followed by a faithful, proper, and diligent endeavor to procure service, and, within 60 days, by actual service of such summons, such proceeding shall be deemed to have been commenced at such earlier date, and provided still further, where service by publication is proper and is actually made, such proceeding shall be deemed commenced at the date of the first publication, or, if a faithful, proper, and diligent endeavor be made at an earlier date to procure such service, as, for instance, by praecipe and other prerequisite steps, and, within 60 days thereafter, such first publication is actually made, such proceeding shall be deemed commenced at the date of such attempt.

(b) The earliest time at which an attempt to commence a proceeding for review in this court can be deemed a commencement of the same is the sixtieth day before actual service or first publication is made.

(c) Where such proceeding is not so commenced within said limited period of 6 months, a motion to dismiss the same will be sustained and such proceeding dismissed.

Error from County Court, Ottawa County; Verne E. Thompson, Judge.

Action by the State of Oklahoma against One Ford Automobile and 125 Quarts of Whisky. Judgment for plaintiff, and defendant brings error. Motion to dismiss sustained.

Nesbitt & Axley, for plaintiff in error.

S. P. Freeling, Atty. Gen., for the State.

THACKER, J. In this case the motion of the plaintiff in error, as defendant below, for a new trial, was overruled on April 3, 1916, and on July 31, 1916, its petition in error and praecipe for summons was duly filed in this court, and a summons duly issued thereon; but this summons was never served, and on October 12, 1916, 73 days after its date and six months and nine days after the date of the order overruling this motion for a new trial, when plaintiff in error learned that the same had not been served, it filed a praecipe for an alias summons, which was then issued, and on October 14, 1916, served on defendant in error. It appears the summons served was not the result of any attempt made to commence this proceeding within the six months allowed by section 4452, Statutes 1893 (section 5255, Rev. Laws 1910), as amended by Act Feb. 14, 1911 (Sess. Laws 1910-11, c. 18, p. 35), which was followed by a faithful, proper, and diligent endeavor to procure service, and also, within 60 days, by actual service of such summons, but, to the contrary, was the result of an attempt that was not commenced until after the time limit for commencing this proceeding had expired.

In Thraves v. Tucker and Hess, 63 Okla. 46, 161 Pac. 1069, this court said:

"Under section 4452, Statutes 1893 (section 5255, Rev. Laws 1910), as amended by the Act of Feb. 14, 1911 (Sess. Laws 1910-11, c. 18, p. 35), a proceeding to review an order denying a motion to vacate a prior judgment must be commenced within 6 months from the date of such order. Within the meaning of the above cited section of our statutes, following the statutory rule in the trial courts (section 3892, Statutes 893, the same being section 4659, Rev. Laws 1910), such a proceeding for a review is commenced, as to each defendant in error at the date of the summons which is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him, provided such service of summons is actually made within 60 days from said date, and provided, further, that where an attempt to commence such a proceeding, as, for instance, by filing a praecipe for summons, is made before the date of such summons, followed by a faithful, proper, and diligent endeavor to procure service, and within 60 days, by actual service of such summons, such proceeding shall be deemed to have been commenced at such earlier date, and provided, still further, where service by publication is proper, and is actually made, such proceeding shall be deemed commenced at the date of the first publication, or, if a faithful, proper, and diligent endeavor be made at an earlier date to procure such service, as, for

instance, by praecipe and other prerequisite steps, and within 60 days thereafter such first publication is actually made, such proceeding shall be deemed commenced at the date of such attempt."

It will be seen from the foregoing that the earliest time at which an attempt to commence a proceeding for a review in this court can be deemed a commencement of the same is the sixtieth day before actual service or first publication is made; and neither the filing of a petition in error and a praecipe for summons thereon, nor the issuance of summons, nor all of these combined, can be deemed a commencement of such a proceeding unless service of summons or first publication of notice is made within 60 days thereafter.

As it appears that no proceeding has been commenced in this court to review the order mentioned within six months from the rendition of the same, as required by the section of the statutes first cited, the motion to dismiss this appeal is sustained, and this appeal is dismissed.