**ENGLISH et al. v. T. H. ROGERS LUMBER CO. et al.**

No. 7642—Opinion Filed June 11, 1918.

(173 Pac. 1046.)

(Syllabus.)

**1. Limitation of Actions—Commencement of New Action.**

Section 4662, Rev. Laws 1910, providing that, if any action be commenced within due time and the plaintiff therein shall fail otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after such failure, applies only when the party would otherwise be barred of his right of action from the lapse of time prescribed by the statute of limitations relating to the cause of action.

**2. Same.**

The statute of limitations, fixing the time within which an action must be brought, is not changed by section 4662, unless the failure otherwise than upon the merits occur after the time limited by statute shall have expired. When the failure occurs before the expiration of the statutory period, the statute has no application.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by the T. H. Rogers Lumber Company against Bessie E. English and Tupper & Bird, a copartnership, composed of H. E. Tupper and E. V. Bird, defendants. Judgment for plaintiff, and defendant Bessie E. English and A. Z. English and W. C. Cook, sureties, bring error. Reversed and remanded, with direction to dismiss the action.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiffs in error.

W. W. Nofsinger and Y. P. Broome, for defendant in error T. H. Rogers Lumber Co.

SHARP, C. J. On July 7, 1911, the T. H. Rogers Lumber Company commenced an action against Bessie E. English to recover judgment in the sum of $1,636.65 on account of certain lumber and building materials sold by the lumber company to Tupper & Bird, contractors, and to foreclose a lien on lot 1 in block 56 in the city of Muskogee, owned by defendant. The defendant appeared and demurred to the petition on the ground: (1) That the petition did not state facts sufficient to constitute a cause of action; (2) there were not sufficient parties defendant. On November 6th following, the plaintiff appeared and dismissed its action without prejudice. Afterwards and on the 8th day of March, 1912, a second action was brought by the lumber company against Bessie E. English, in which Tupper & Bird and the Muskogee Paint & Glass Company were joined as defendants. The summons was returned March 14th, showing service on defendants Tupper & Bird and Muskogee Paint & Glass Company on March 12th. No service was had on defendant Bessie E. English, the return showing that she was not found in the county, with an added notation, "Out of city." May 2d following an alias summons was issued, directed to the defendant Bessie E. English, which was served upon her May 13th following.

Section 3873, Rev. Laws 1910, requires that an action to enforce a lien provided for in chapter 44 must be brought within one year from the time of the filing of the lien with the clerk of the district court. The lien was filed March 31, 1911; the petition in the action to enforce the lien was filed March 8, 1912. Under section 4659, Rev. Laws 1910, an action is commenced within the meaning of article 2, c. 60, Code of Civil Procedure, as to each defendant, at the date of the summons which is served on

him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. An attempt to commence an action is deemed to be equivalent to the commencement thereof, when the party faithfully, properly, and diligently endeavors to procure service of summons; but such attempt must be followed by service of the summons within 60 days. The defendant Bessie E. English being neither a joint contractor nor united in interest with the other defendants within the meaning of the act, it was necessary that the summons be served on her within 60 days from the filing of the action in order to arrest the statute of limitations; that is, until the service of a summons on her as required by statute, the action as to her was not deemed to have been commenced. This rule appears to be established by the following opinions: Wedd' v. Gates et al., 15 Okla. 602, 82 Pac. 808; School District v. Fisher, 23 Okla. 9, 99 Pac. 646; Koch Tea Co. v. Davis, 48 Okla. 14, 145 Pac. 337; Thraves v. Tucker et al., 63 Okla. 46, 161 Pac. 1069; One Ford Automobile v. State, 63 Okla. 67, 162 Pac. 779.

In answer to the plea of the statute of limitations counsel for defendant in error rely principally upon section 4662, Rev. Laws 1910, which it says gave it one year after the dismissal, on November 6, 1911, of the original action in which to commence a new action. Whether the statute relied on contemplates voluntary dismissals, not being urged by counsel, need not be determined. That it does is held in McWhirt v. McKee, 6 Kan. 412, and Hall v. Hurd, 40 Kan. 374, 19 Pac. 802. Numerous authorities are collected in Pennsylvania Co. v. Good, 56 Ind. App. 562, 103 N. E. 672, to the effect that a properly instituted claim, voluntarily abandoned, cannot be made available in a subsequent action to save it from the operation of the statute of limitations.

It is claimed by plaintiffs in error that, as the dismissal was within the time fixed for the bringing of the action to enforce the lien, the statute relied on can have no application. We have already noted that the first action against Bessie E. English was filed July 7, 1911, and, that the dismissal thereof was on November 6th following, and within less than eight months of the one year provided for the bringing of such action. The statute reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die,

and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Assuming for the purposes of the case that the plaintiff failed in its original action within the meaning of the statute, at the time of its failure ample opportunity was afforded for the institution of another action. Hence it cannot be said that, even though the action failed otherwise than upon the merits, the time limited for the bringing of the action had expired. In fact it had not, as plaintiff had over four months therefrom in which to bring another action.

The statute giving to a plaintiff the right to commence a new action within one year after the reversal or failure of his original action was not intended to afford in all cases an additional time in which to bring suit. By its terms the right is conditioned upon the fact that "the time limited for the same shall have expired." That is, but for the statute, plaintiff's action would, at the time of the failure or reversal, be barred by the statute of limitation. Such is not the case when the failure occurs at a time when the plaintiff has full opportunity to commence a new action.

Counsel for defendant in error cite in opposition to these views Knox v. Henry et al., 8 Kan. App. 313, 55 Pac. 668. That opinion was by a divided court, Judge Wells dissenting. The opinion is wrong both in principle and because of its erroneous construction of the statute.

Discussing generally the purpose of section 23 of the Code of Civil Procedure of Kansas (identical with section 4662), it was said by the Supreme Court of that state, in Denton v. City of Atchison, 76 Kan. 89, 90 Pac. 764:

"In effect the section provides that any action commenced before the statute of limitations has run and disposed of otherwise than upon the merits after the statute has run may be brought anew within one year after such disposition. * * * The general periods of limitation are not changed by this provision, but it is intended to give a party, who within the proper time brought an action which was disposed of otherwise than upon the merits after the statute of limitations had run, a year of grace in which to reinstate his case and obtain a determination upon the merits."

Further in the opinion, the court added:

"Under the rule of our statute, if the dismissal occurs after the time limit has expired, the plaintiff has one year from that dismissal to bring a new action. To get the benefit of this extension two things are es-

sential: First, the action must have been commenced within due time; 'and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired."

Though not directly decided, our conclusion appears to find support in the syllabus in Hatchell v. Hebeisen et al., 16 Okla. 223, 82 Pac. 826. This view of the Vermont statute was taken by Justice Redfield in Phelps et al. v. Wood, 9 Vt. 399, where, discussing the statute of that state, it was said:

"It is evident this exception, or proviso of the statute, was intended to reach all those cases where a suit was brought and the merits of the action failed to be tried without the fault of the plaintiff, and the period of limitations had become complete during the pendency of the suit."

In Grimes v. Andrews, 170 N. C. 515, 87 S. E. 341, in the consideration of the purpose of the North Carolina statute, it was observed:

"The provision as to bringing a new action within one year after a nonsuit or dismissal, reversal, or other termination of the first suit, as prescribed in the statute, refers only to those cases where the statute of limitations is applicable, and would bar, but for this clause, which, if complied with, saves the cause of action."

Statutes such as ours are said to have their origin in the common-law rule of "journeys account." In English practice a "journeys account" was a new writ which the plaintiff was permitted to sue out within a reasonable time after abatement, without his fault, of the first writ. This time was computed with reference to the number of days which the plaintiff must spend in journeying to reach the court. Hence the name of "journeys account"; that is, "journeys accomptes" or accounted. Coke on Littleton, fol. 9b.; Spencer's Case, 6 Coke, 10; Elslob v. Thorowgood, 1 Ld. Raym. 283; Richards v. Maryland Ins. Co., 8 Cranch, 85, 3 L. Ed. 496.

While the statute should be given a liberal construction (Phelps v. Wood, 9 Vt. 399; Spear v. Curtis, 40 Vt. 61; Coffin v. Cottle, 16 Pick. (Mass.) 383; Cumming v. Jacobs, 130 Mass. 419), it may not be interpreted in such a way as would tend to subvert the purpose of the statute clearly expressed.

Our conclusions render unnecessary the consideration of the remaining assignments of error.

Because of the error of the trial court in denying defendant's plea of limitation, the judgment of the court is reversed, and the cause remanded, with instructions to dismiss the action.

All the Justices concurring