HAWK v. TEXAS & OKLAHOMA STAGES, Inc., et al.

No. 29963.    Oct. 21, 1941.

Rehearing Denied Jan. 13, 1942.

*120 P. 2d 781.*

Roy Glasco, of Purcell, for plaintiff in error.

Cook & Bingaman, of Purcell, and Bridges & Parry, of Tulsa, for defendants in error.

CORN, V. C. J.   Plaintiff sued defendants in the district court of McClain county, Okla., for $10,000 damages for injuries suffered by him in an accident. Defendant Texas and Oklahoma Stages, Inc., filed petition for removal to the United States Court for the Eastern District of Oklahoma; the case was removed to the federal court, where the issues were made up and the case came on for trial March 24, 1938, before Honorable A. P. Murrah, United States District Judge sitting at Ada, Okla. After plaintiff had introduced his evidence the court indicated that he would probably sustain the demurrer to the evidence, upon which announcement the plaintiff moved to dismiss without prejudice. This request was granted by the court with the condition: "Said dismissal not to become effective until said costs are paid."

Thereafter, on December 29, 1938, plaintiff, without paying the costs in federal court, filed suit in the district court of McClain county, Okla., against the defendants for the sum of $2,995. On April 18, 1939, defendants filed a special appearance and objection to jurisdiction on the grounds that the dismissal in the federal court had not become effective for the reason that the plaintiff had not paid the costs.

August 9, 1939, plaintiff paid the costs in the federal court, and the court overruled said special appearance of defendants and objection to jurisdiction.

January 9, 1940, defendants filed their motion for judgment on the pleadings herein, which is, omitting caption and signatures, as follows (said judgment was sustained January 19, 1940):

"Come now the defendants and move the court to render judgment for the defendants herein on the pleadings for the reason that the petition of the plaintiff herein shows upon its face that the alleged cause of action therein set forth is barred by the statute of limitations of the State of Oklahoma in such case made and provided; that the defendants, and each of them, in their separate answers herein, have pleaded and rely upon the defense of the statute of limitations in the present state of the pleadings, and that this cause can be disposed of on the question of the statute of limitations as a pure question of law, and that defendants, and each of them, are, therefore, entitled to judgment, that the plaintiff take nothing as against them and that they go hence discharged with their costs."

This court has held in numerous cases that before section 106, O. S. 1931, 12

Okla. St. Ann. § 100, giving plaintiff one year after dismissal without prejudice to file a new action, applies, the statute of limitations must have run during the pendency of the first action. See English v. Rogers, 68 Okla. 238, 173 P. 1046; Meshek v. Cordes, 164 Okla. 40, 22 P. 2d 921; United States Fire Ins. Co. v. Swyden, 175 Okla. 475, 53 P. 2d 284; and Cadwell v. Ryan, 184 Okla. 174, 86 P. 2d 282.

Under these decisions the question is whether the first action filed by plaintiff was pending at the time the two-year statute of limitations ran. The cause of action arose on May 11, 1936. The first action was conditionally dismissed in the federal court on March 24, 1938, the condition being "said dismissal not to become effective until said costs are paid." The costs were paid on August 9, 1939, which was after the filing of the second action, which was filed on December 29, 1938. If the action in the federal court was pending until the payment of the costs, then the second action was filed within the time provided by the statute.

Certainly, the federal court had the power to provide in the order of dismissal that the dismissal should not become effective until the costs were paid; therefore, the action was still pending until the payment of costs. The court, upon the failure of the plaintiff to pay the costs, could have set aside its order and rendered judgment against the plaintiff that the plaintiff recover nothing in said action, and could also have rendered judgment against the plaintiff for the costs and had execution issued against the plaintiff's property to collect the same.

In the case of Cain v. French, 29 Cal. App. 725, 156 P. 518, in the second paragraph of the syllabus, the Court of Appeals of California said:

"An action once instituted is thenceforth pending at every instant until final judgment is pronounced and entered up."

When the court made the order permitting the plaintiff to dismiss at plaintiff's cost, and provided that the dismissal should not become effective until the costs were paid, the situation in the case in federal court was similar with the situation where a plaintiff voluntarily dismisses the case under section 422, O. S. 1931, Revised Laws 1910, § 5126, before a petition in intervention or answer praying for affirmative relief against plaintiff is filed.

In Davis et al. v. Mimey, 60 Okla. 244, 159 P. 1112, construing section 5126, Revised Laws 1910, which is the same as section 422, O. S. 1931, where a plaintiff dismissed his action without paying the costs, this court held that the action was still pending and the dismissal was not effective. In the first paragraph of the syllabus this court said:

"(a) Section 5126, Rev. Laws 1910, gives the plaintiff the right, upon the payment of costs, to dismiss his action at any time before a petition of intervention or answer, praying for affirmative relief against him, has been filed. (b) While the clerk should make some record of the dismissal when the same is filed by the plaintiff, yet the mere filing of the written dismissal acts automatically to dismiss the action, and it does not take an order of the court to render the same effective. (c) But the dismissal does not become effective unless the costs are paid."

The other contentions of the defendants are without substantial merit. The judgment of the trial court is reversed and remanded for new trial.

RILEY, OSBORN, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and GIBSON, J., concur in conclusion. BAYLESS, J., dissents. DAVISON, J., absent.