BIRMINGHAM FIRE INSURANCE COMPANY of Pennsylvania, Plaintiff in Error,

v.

Jane H. BOND, Defendant in Error.

No. 36845.

Supreme Court of Oklahoma.

July 10, 1956.

Rehearing Denied Sept. 18, 1956.

**362**

Hanson & Green, Oklahoma City, for plaintiff in error.

Hatcher & Bond, Chickasha, for defendant in error.

DAVISON, Justice.

This is an action brought by Jane H. Bond, as plaintiff, against Birmingham Fire Insurance Company of Pennsylvania, as defendant, to recover, under the provisions of an insurance contract, for damage done by hail to a farm building. The parties will be referred to as they appeared in the trial court.

Because a determination of the effect of the statute of limitations is conclusive in this case, facts and questions of law having no bearing thereon need not be detailed herein. On January 26, 1949, a large metal barn, belonging to plaintiff, was damaged by hail to the extent of some $700. This action was filed on September 20, 1950, seeking to recover therefor under the provisions of a fire insurance policy to which was attached an extended coverage endorsement covering loss by windstorm, hail, etc. The policy was a standard statutory form containing the provisions that,

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve (12) months next after the inception of the loss."

The principal defense relied upon was that, by reason of the above quoted provision and of 36 O.S.1945 Supp. § 244.1, the action on the policy was barred. In her

brief filed herein, plaintiff, for the first time, argues that said statutory enactment is unconstitutional if applied to actions for hail damage because no mention of that application is made in the title to the act.

■■ The identical propositions were recently determined in the case of Springfield Fire & Marine Ins. Co. v. Biggs, Okl., 295 P.2d 790, 791, wherein it was held that,

"Title 36 O.S.1951 § 244.1, providing for the use, in connection with a Standard Fire Insurance Policy, of endorsements insuring against other perils, enables the issuance, in connection with such a policy, of an endorsement covering loss or damage by hail, and the incorporation in said endorsement, of said policy's short-term limitation for the commencement of an action on account of such loss or damage.

"Ordinarily, where the record clearly shows that the question of constitutionality of an Act of the Legislature was not presented to the trial court, and no reference to the constitutionality of the Act of the Legislature in question appears in the record, such question will not be considered on appeal by this court."

■ In her brief filed herein, plaintiff attempts to justify her failure to present to the trial court, her assertion of the unconstitutionality of said statute, 36 O.S.1945 Supp. § 244.1, by arguing that the specific statute was not pointed out by defendant until the filing of its reply brief. But the record discloses that the defendant pleaded generally in its answer that the cause of action was barred by the statute of limitations. Plaintiff's petition contains allegations pointing to the anticipation of such defense. It was alleged that an action on the policy had been previously filed but had been dismissed less than one year prior to the filing of this action. Such allegation could have no purpose other than to avoid

the one year bar of limitation. The allegation was followed by the introduction of evidence to sustain it. But in no manner was the unconstitutionality of said statute suggested until the filing of the answer brief. It was then too late. Springfield Fire & Marine Ins. Co. v. Biggs, supra.

■■ The filing of said former action on April 8, 1949, did not have the effect of extending the period of limitations by invoking the application of 12 O.S.1941 § 100. The one year period within which the action could be filed did not expire until January 26, 1950. Therefore, the filing and dismissal of the first action several months previously in no way extended the time. The rule was first announced by this court in the case of English v. T. H. Rogers Lumber Co., 68 Okl. 238, 173 P. 1046, 1047, wherein it was held that,

"The statute giving to a plaintiff the right to commence a new action within one year after the reversal or failure of his original action was not intended to afford in all cases an additional time in which to bring suit. By its terms the right is conditioned upon the fact that 'the time limited for the same shall have expired.' That is, but for the statute, plaintiff's action would, at the time of the failure or reversal, be barred by the statute of limitation. Such is not the case when the failure occurs at a time when the plaintiff has full opportunity to commence a new action."

Consequently 12 O.S.1941 § 100 had no application herein and when plaintiff filed this action more than 12 months after the property loss, the bar of the statute of limitations had fallen.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON, and HUNT, JJ., concur.