Orlean H. SMITH and Charles O. Smith, Appellants,

v.

Mary Jo Kern ROEDERER, Executrix of the Estate of Joe C. Scott, Deceased, Appellee.

No. 44220.

Supreme Court of Oklahoma.

Oct. 2, 1973.

Rehearing Denied Nov. 27, 1973.

James M. May, McAlester, for appellants.

Don Hamilton, Oklahoma City, for appellee.

SIMMS, Justice.

This is a suit by purchaser alleging that as an inducement for the sale of insurance stock the seller would buy back the stock for the same price at any time but refused to do so.

Plaintiff Smith, a 77 year old farmer, is the purchaser of the stock. Defendant is the executrix of the estate of Joe Scott, owner of the insurance company at the time of the sale of the stock and the person who made the guarantee to buy back. Bo McAlister was Scott's employee-salesman who sold the stock to plaintiff.

 Because the statute of limitations is an issue, a chronological review of the facts is presented:

2–21–63 Plaintiff agreed to purchase 2,000 shares from Scott through McAlister at $10 per share. Scott only had 1,000 shares available at the time and promised to get another 1,000 for plaintiff. Plaintiffs gave their check for $2,500 to pay for the first 1,000 shares. The other 1,000 shares were delivered on March 5, 1963 and the remaining $17,500 was paid for the 2,000 shares.

McAlister testified that plaintiff was hesitant in his decision to buy the stocks, so McAlister called Scott on the phone, and Scott personally agreed with plaintiff to repurchase the stock at any time at $10 per share.

8–1–64 Plaintiff asked Scott to repurchase. Scott refused. Plaintiff sold the stock and sustained a loss of $14,544. (At this point, the cause of action accrues).

6–18–66 Plaintiff filed suit against Scott in Pittsburg County.

1–20–67 Suit dismissed for lack of venue.

1–19–68 Plaintiff re-filed suit in Oklahoma County.

12–12–68 Scott died. Defendant appointed executrix.

3–4–69 Time to present claims from creditors, against estate of Scott, expired without plaintiff having filed a claim.

8–22–69 Oklahoma County Court ordered the case revived with executrix as defendant.

The trial court in a non-jury trial held: As to the first 1,000 shares ($10,000), the sale was pursuant to a written contract, the terms of which cannot be varied by parol agreement. Thus, there was no binding contract to re-purchase. As to the second 1,000 shares ($10,000) the sale was pursuant to an oral contract, part of which was to re-purchase the shares at $10 per share, which defendant refused to do.

The trial court thereupon rendered judgment for plaintiff for $7,272, one-half of the alleged loss of $14,544.

One month later, the trial court overruled plaintiff's motion for new trial and denied plaintiff's motion to amend petition to allege fraud, and to conform to the evi-

dence. The trial court then sustained defendant's motion for new trial, re-instated defendant's demurrer and sustained defendant's demurrer, for the reason that the suit was a contract action and plaintiff had not filed a claim in Scott's estate as required by 58 O.S.1961, § 331. The Court of Appeals reversed and remanded for a new trial, holding that the trial court erred in ruling the statute of limitations barred plaintiff's suit. The Court of Appeals found that constructive fraud was plead in plaintiff's petition, had been practiced on plaintiff, and plaintiff should have been allowed to amend his pleadings to conform to the evidence of constructive fraud.

█ It must be initially determined if plaintiff's claim is barred by the statute of limitations. If we determine the failure to re-purchase constitutes *breach of contract,* plaintiff's action would be barred by the statute of limitations. 12 O.S.1961, § 95(2), provides a three year statute of limitations. This expired on August 1, 1967. Although plaintiff had originally filed his action on June 18, 1966, within the statute, the case was dismissed on January 20, 1967, before his three years had expired. Plaintiff did not refile until January 19, 1968, after his three years had expired. The one year extension on the statute of limitations, 12 O.S.1961, § 100, requires that the statute have run before the initial case was dismissed. Hawk v. Texas & Oklahoma Stages, 190 Okl. 76, 120 P.2d 781 (1942).

█ On the other hand, if we find the evidence constitutes *fraud in inducement of the contract* plaintiff would not be barred. The two year statute of limitations for fraud expired August 1, 1966. The Pittsburg County case was not dismissed until January 20, 1967. Because the statute had run before the initial case was dismissed. 12 O.S.1961, § 100, supra, applies to give plaintiff a one year extension to refile. Plaintiff refiled within this one year period.

█ Furthermore, if fraud was the gravamen of plaintiff's action, the fact that no claim on the estate of defendant was presented to the executrix is irrelevant. United States Fidelity & Guaranty Co. v. Krow, 184 Okl. 444, 87 P.2d 950 (1938).

The plaintiff argues that there were sufficient facts plead to constitute constructive fraud, but even if not he should be allowed to amend his pleadings to conform to the evidence as the claims are substantially the same.

The defendant contends that the plaintiff did not plead fraud, and he should not be allowed to amend his pleadings to allege fraud as it would substantially change the claim to the prejudice of the defendant.

█ Contrary to the trial court's opinion, the evidence shows that the sale for the entire 2,000 shares of stock was made on February 21, 1963. In response to the question of "How many shares did you agree to purchase?"; plaintiff testified: "We agreed to purchase Two Thousand."

The fact that delivery of the other 1,000 shares was not made until March 5, 1963, was due to Scott not having the entire 2,000 shares available to him at the time of the sale.

█ The main issue in this case is whether the breach of the oral agreement to re-purchase the stock, made by Mr. Scott was fraudulent. If so, the question of parol evidence being used to vary the terms of the written contract for the first 1,000 shares is resolved because "where fraud is involved the defense of parol evidence is not available." Basden v. Mills, Okl., 472 P.2d 889 (1970).

Title 15, O.S.1971, § 57 provides that:

"Fraud is either actual or constructive."

██ Actual fraud is defined in 15 O.S.1971, § 58, and requires that the fraudulent act be done "with intent to deceive another party thereto, or to induce him to enter into the contract . . ."

Title 15, O.S.1971, § 59 provides:

"Constructive fraud consists:

1. In any *breach of duty* which, without an actually fraudulent intent, gains an

advantage to the person in fault, or any one claiming under him, by *misleading another* to his prejudice, or to the prejudice of any one claiming under him; or,

2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud." (emphasis added)

The question of whether *constructive fraud* was pleaded and proved rests on the applicability of paragraph one of the constructive fraud section. While the petition alleges, and the evidence clearly establishes, that Scott breached that contractual duty one year, five months and eleven days after the contract was entered into, the petition does not allege, and the evidence does not establish that such breach of duty mislead the plaintiffs or either of them into purchasing the stock. The only duty that was breached by Scott was his duty to re-purchase the stock on demand.

In Downtown Chevrolet Co. v. Niccum, 180 Okl. 616, 71 P.2d 957 (1937) we said:

"The only proof in this record upon which we can predicate an intent not to keep the promises made is the fact that such promises were not kept. The breach of the contract is not proof of the fraud in the making thereof."

And we held:

"To render the nonperformance of a promise to be performed in the future fraudulent, the promise to perform must be accompanied by an intent not to perform."

In the case at bar, the petition does not allege, and the evidence does not tend to prove, that Scott made the promise to re-purchase the stock with an intention not to perform it. A finding that he did so could be no more than a presumption based upon his refusal to re-purchase the stock upon demand. Therefore, the actual fraud statute is likewise inapplicable to the present case.

The plaintiffs' action in this case is on the oral agreement by Scott to re-purchase all of the stock on demand. The three year statute of limitation provided in 12 O.S.1971, § 95(2) applies to bar the action. The plaintiffs' first action, in Pittsburg County, was commenced and failed other than on the merits, within three years after Scott's refusal to perform that agreement. In such a situation, the one year extension statute now appearing as 12 O.S.1971, § 100, is inapplicable. Birmingham Fire Ins. Co. v. Bond, Okl., 301 P.2d 361 (1956).

The trial court acted properly in sustaining the defendant's motion for a new trial for the purpose of reinstating, and sustaining the demurrers, and dismissing the plaintiffs' cause of action.

The trial court is therefore, affirmed.

All the Justices concur.