**Clara HOLDER, Appellant,**

v.

**RISING BROTHERS, INC., Appellee.**

No. 52521.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 19, 1980.

Released for Publication by Order of
Court of Appeals Sept. 18, 1980.

Kile, Rabon & Pullin, by Lon Kile, Hugo, for appellant.

Stamper, Otis & Burrage, by Joe Stamper, Antlers, and John C. Muntz, Hugo, for appellee.

BOX, Judge:

An appeal by Clara Holder (Plaintiff) from the sustaining of Defendant's demurrer raising the statute of limitations.

The factual matters pertaining to this appeal appear as follows: On October 30, 1975, Plaintiff sued Defendant for alleged damages to lands and cattle and to establish certain rights of way by prescription in Cause No. C–75–109 in the District Court of Choctaw County. Defendant filed its Answer and Cross–Petition to Plaintiff's Third Amended Petition. Thereafter, on February 3, 1977, Defendant filed Motion to Require Plaintiff to Elect Remedies and Motion for Separate and Non–Jury Trial on certain causes of action. On May 2, 1977, the trial court issued its order requiring Plaintiff to elect remedies and sustained Defendant's Motion for separate jury and non–jury trials. By reason of the failure of Plaintiff to comply with said orders of the trial court, the court on June 28, 1977 dismissed the cause saying, "At this time this case will be dismissed at the cost of the plaintiff for failure to obey the order of the Court."

Cause No. C–77–86, the instant case, was filed on July 13, 1977, less than one year after the 1975 case was dismissed. Defendant was not served until January 3, 1978, which was two years, three months and five days after the alleged torts Plaintiff complained of. No service was obtained within 60 days after filing of the 1977 cause. (Appearance was made under 12 O.S.Supp. 1975, § 154.6.)

Defendant, on April 3, 1978, filed its Multiple Pleadings which included a demurrer to Plaintiff's petition. Thereafter, without permission of court, Plaintiff filed an amendment to her Petition, on April 4, 1978, alleging the prior action. On April 12, 1978, Defendant mailed for filing Defendant's Multiple Pleadings. On April 24, 1978, again without permission of court, Plaintiff filed a Second Amended Petition. On June 13, 1978, the court sustained Defendant's demurrer *"by reason of limita-*

*tions,*" and Plaintiff standing on the demurrer, judgment was "rendered on such Demurrer against plaintiff and in favor of defendant." On June 19, 1978, Plaintiff filed Motion to Reconsider Order Sustaining Defendant's Demurrer. Plaintiff appeals. (Emphasis supplied by this Court.)

Plaintiff contends that

Where petition does not show on its face that cause of action is barred by statute of limitations, such defense cannot be raised by a demurrer but must be specifically pleaded.

Defendant contends that the real question is whether Plaintiff's dismissal of the 1975 action tolled the statute of limitations for a period of one year. 12 O.S.Supp. 1975, § 100. Defendant further states that "ordinarily it would, but in this case it did not because the statute had not run at the time of dismissal."

Prior to the amended statute pertaining to dismissals other than on the issues, the Supreme Court had ruled that if the statute of limitations had not run at the time of the dismissal, the party had only the remainder of the statutory period to refile the action. The 1975 Legislature amended 12 O.S. 1971, § 100 to read as follows:

If an action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representative may commence a new action within one year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed. (Amended by Laws 1975, C 44 § 1, Emerg. eff. March 31, 1975.)

Following the Supreme Court's holding on intent of Legislature set out in *Special Indemnity Fund v. Harold*, 398 P.2d 827 (1964), and from a reading of the amended statute, we find that the Legislature intended to extend the limitation statute one year from the dismissal of a suit otherwise than on the merits, regardless of time, if any, remaining after the dismissal.

Defendant further contends that the action now under review "was not the same action as the one previously dismissed." Although Defendant attached a Third Amended Petition of the purported action filed in 1975 to its brief, we find no indication of same being filed in the original record transmitted to this Court in the matter now on appeal. From a review of the petition and amendments thereto, we find this argument has no merit.

For the reasons herein stated, the sustaining by the trial court of Defendant's demurrer by reason of the statute of limitations is reversed and this matter is remanded with instructions to overrule same and proceed accordingly.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.