1998 OK 60

Christopher C. BRUNER, Appellant,

v.

Amanda SOBEL, Appellee.

No. 88236.

Supreme Court of Oklahoma.

June 23, 1998.

James O. Goodwin of Goodwin, Goodwin & Goodwin Benn and Richard A. Pizzo, Tulsa, for Appellant.

John S. Gladd, Galen L. Brittingham and Jeffrey L. Wilson of Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for Appellee.

LAVENDER, Justice.

¶ 1 The issue before us in this case is whether the trial court erred in granting summary judgment to appellee, Amanda Sobel, in this automobile accident/personal injury case on 'the basis the suit was barred by the two-year statute of limitation and in rejecting appellant, Christopher Bruner's argument the "savings statute" found at 12 O.S. 1991, § 100 allowed him one year from dismissal of a timely brought prior suit to commence a new action against appellee. The rejection was based on the fact the original two-year limitation period had not yet expired at the time of the prior suit's dismissal and, therefore, appellant still had remaining time within the two-year limitation period to timely commence a new suit after the first action's dismissal.

¶ 2 We hold the trial court erred in granting summary judgment to appellee, as did the Court of Civil Appeals (COCA) in affirming the trial judge's ruling. It was error to grant summary judgment to appellee because § 100 did give appellant one year from the prior suit's dismissal to file a new action against appellee, regardless of the fact the two-year limitation period had not yet expired at the time of the prior suit's dismissal, i.e. even though when the prior suit was dismissed time remained in the initial two-year limitation period to commence a new action. The error of both the trial court and the COCA was a failure to give proper consideration to a 1975 legislative amendment to § 100 and the mistaken reliance on pre–1975 jurisprudence from this Court, as we explain below.

## PART I. FACTS AND POSITIONS OF PARTIES.

¶ 3 An automobile accident involving appellee and appellant occurred on April 26, 1993. An initial petition was filed by appellant in regard to the accident on January 14, 1994 in Tulsa County District Court claiming appellee's negligence caused the accident and, consequently, personal injuries to appellant.[1] On August 25, 1994 appellant dismissed without prejudice this initial suit against appellee. On August 22, 1995 a new action was filed by appellant against appellee, i.e. about four months after the applicable statute of limitation found at 12 O.S.Supp. 1997, § 95(3) expired, but within one year from the date the prior suit was dismissed in August 1994.[2]

¶ 4 Given these facts appellee moved for summary judgment on the basis appellant's second suit against her was barred by § 95(3), i.e. the two-year limitation period. As part of her arguments, appellee asserted § 100 did not afford appellant a year from the August 25, 1994 dismissal of his first suit against her because, she claimed, this Court had authoritatively interpreted § 100 to only afford an additional year to file a second suit from the date of the first suit's dismissal in the situation where the applicable statute of limitation had expired at the time of the prior suit's dismissal, i.e. had expired during the pendency of the first action. After receiving the parties' submissions in support of and opposition to summary judgment, the trial judge granted summary judgment to appellee. Appellant appealed and the COCA affirmed.

¶ 5 Thereafter, appellant sought certiorari arguing the trial court and COCA erred by relying on cases interpreting § 100 prior to its amendment in 1975. He asserts the Legislature expressed its intent via the 1975 amendment to alter the meaning of the provision so that one year from a prior suit's dismissal would be allowed to bring a second suit, regardless of the fact there was time remaining in the initial two-year limitation period when the prior suit was dismissed, i.e. regardless of whether the limitation period expired during the pendency of the initial suit. We previously granted certiorari to

1. Appellee's wife, Nancy Bruner was also a named plaintiff in the initial lawsuit against appellee. She is not, however, a named plaintiff in the suit giving rise to this appeal.

2. We realize the 1997 version of Title 12, Oklahoma Statutes § 95(3) would not have been the version in effect at the time of the accident in 1993. However, we cite to the most recent version of § 95(3) because no amendment to § 95 since 1993 made any substantive change in subsection 3.

decide the question and we now reverse summary judgment in favor of appellee because appellant's view of the effect of the 1975 amendment to § 100 is correct.

## PART II.  ANALYSIS.

¶ 6  We first note, for purposes of our analysis we assume appellant's claim against appellee accrued on the date of the automobile collision and, thus, the limitation period of § 95(3) began to run on that claim on April 26, 1993.  With this understood, we turn to our discussion of the question presented.

¶ 7  Before its amendment in 1975 § 100 provided from 1910 onward as follows: [3]

If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives[,] may commence a new action within one year after the reversal or failure.

12 O.S.1971, § 100.  This Court consistently interpreted the pre–1975 § 100 as affording an additional year to file a new action after dismissal of a prior action otherwise than upon the merits **only** in those situations where the applicable statute of limitation expired or ran during the pendency of the first action—i.e. for § 100 to afford an additional year to file a new action the limitation period had to be expired at the time of the prior action's dismissal.  *See e.g. Smith v. Roederer,* 1973 OK 113, 516 P.2d 257; *Birmingham Fire Insurance Co. v. Bond,* 1956 OK 223, 301 P.2d 361; *Hawk v. Texas & Oklahoma Stages, Inc.,* 190 Okla. 76, 120 P.2d 781 (1941); *English v. T.H. Rogers Lumber Co.,* 68 Okla. 238, 173 P. 1046 (1918).

■ ¶ 8  The obvious reason this Court had so ruled was because the language of § 100, "and the time limited for the same shall have expired", modified the immediately preceding phrase of the statute, i.e. that language stating the first action failed other-

wise than upon the merits.  Thus, this Court was of the view § 100's applicability before its amendment in 1975 was conditioned upon the fact the original action failed otherwise than upon the merits at a time when the applicable statute of limitation had already expired.  *Birmingham Fire Insurance Co. v. Bond, supra,* 301 P.2d at 363 quoting *English v. T.H. Rogers Lumber Co.,* 173 P. at 1047.  Both the trial judge and the COCA relied on this pre–1975 jurisprudence in their rulings in favor of appellee.  The reliance was misplaced because in 1975 the Oklahoma Legislature amended § 100—an amendment we hold had the intent of making the "savings statute" applicable to situations like that here, i.e. where the limitation period is not expired at the time of the previous suit's dismissal, but expires at some time between the first action's dismissal and the filing of the new or second action.

■ ¶ 9  The primary goal of statutory construction is, of course, to ascertain and follow the intent of the Legislature.  *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n,* 1988 OK 117, 764 P.2d 172, 179.  Further, where the Legislature has clearly expressed its intent, the use of additional rules of construction are unnecessary and a statute will be applied as written.  *Fuller v. Odom,* 1987 OK 64, 741 P.2d 449, 452–453.  Finally, this Court has recognized that where a former statute is clear or its meaning has been judicially determined, the Legislature's amendment of it may reasonably indicate legislative intent to alter the law.  *Special Indemnity Fund v. Archer,* 1993 OK 14, 847 P.2d 791, 795 fn. 5; *Irwin v. Irwin,* 1965 OK 145, 433 P.2d 931, 934.

¶ 10  As noted, § 100 was amended in 1975.  The amended statute, which remains in effect today, reads as follows:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his repre-

---

**3.**  Section 100 has been part of our law at least since 1910.  1910 Revised Laws of Oklahoma,

Ch. 60, Art. II, § 4662.

sentatives[,] may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

12 O.S.1991, § 100. As one can see by comparing the pre- and post–1975 manifestations of § 100, the amended version's applicability in affording a year from the previous action's failure to file a new action is no longer conditioned on the initial limitation period having expired during the pendency of the prior suit, i.e. having already run at the time of the first action's dismissal. Now, it is only necessary that the new action be filed within one year of the failure otherwise than upon the merits and the time limit for commencing the suit having expired "before the new action is filed."

¶ 11 A 1980 Court of Civil Appeals' opinion squarely interpreted the 1975 amendment to have such an effect and, we believe correctly so. *Holder v. Rising Brothers, Inc.,* 1980 OK.CIV.APP. 48, 619 P.2d 1278. *Holder* ruled the 1975 amended version of § 100 was intended by the Legislature "to extend the limitation statute one year from the dismissal of a suit otherwise than on the merits, regardless of time, if any, remaining [in the original limitation period] after the dismissal." *Id.* at 1279. This Court, although not specifically addressing the effect of the 1975 amendment, further allowed its application in *Ross v. Kelsey Hayes, Inc.,* 1991 OK 83, 825 P.2d 1273, on facts analogous to the instant case. The relevant facts in *Ross* were: the accident occurred on December 7, 1987, suit was filed against the defendants on July 21, 1989, plaintiff dismissed the first action without prejudice on November 21, 1989, the limitation period of 12 O.S.1981, § 95 (Third) expired or ran on the cause of action on December 7, 1989 and, finally, the second or new action was filed by the plaintiff on October 21, 1990. 825 P.2d at 1275.[4]

¶ 12 In our view, the intent of the 1975 amendment has been plainly expressed by the Legislature in the language of the amended version of § 100. That is, it is no longer necessary that the limitation period be expired at the first suit's dismissal, but § 100 will, after the 1975 amendment, also be applicable in those situations where the first suit is timely brought, but for some reason fails otherwise than upon the merits, and the statute of limitation runs at some time between the first suit's dismissal and the second suit's filing. This is the exact situation involved here and, therefore, the trial court erred when she granted summary judgment in favor of appellee on the basis the second suit was time barred. It was not time-barred because § 100 gave appellant one year from the first suit's dismissal without prejudice to file a new action against her.

¶ 13 Accordingly, the Court of Civil Appeals' opinion is **VACATED**, the trial court judgment is **REVERSED** and the matter is **REMANDED**.

¶ 14 **ALL JUSTICES CONCUR.**

---

4. *Ross v. Kelsey Hayes, Inc.,* 1991 OK 83, 825 P.2d 1273 was a manufacturers' products liability suit involving a plaintiff's injury when a tire he was inflating exploded. The issue answered by this Court in *Ross* was whether an action dismissed without prejudice, in which the defendants had not been served with summons, could properly be re-filed within one year of the dismissal pursuant to § 100. We held § 100 did allow re-filing within one year even though the defendants had not been served in the first suit.