MISSOURI, K. & T. RY. CO. v. JOHNSON *et al.*

No. 1446. Opinion Filed January 16, 1912.

(120 Pac. 1100.)

APPEAL AND ERROR—Determination—Modification of Amount. In a proceeding, by petition and summons, for a new trial, on the ground of newly discovered evidence, where such evidence does not affect the primary cause of action and plaintiff's right to recover thereon, but shows only that plaintiff, in recovering a large judgment for the loss of personal property, had put in suit and presumably recovered judgment for a small item of personal property, of a known and fixed value, through mistake of his right, in law, to sue and recover therefor. Held, that the judgment of the trial court in denying a new trial of the whole case will not be disturbed, but will be modified in this court, by ordering a remittitur to the extent of the value, as shown, of the items of property for which recovery was unwarranted.

(Syllabus by Brewer, C.)

*Error from District Court, Pottawatomie County; J. B. A. Robertson, Judge.*

Action by the Missouri, Kansas & Texas Railway Company against B. O. Johnson and Charles A. Mantz. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*H. H. Smith* and *W. T. Williams,* for defendants in error.

Opinion by BREWER, C. This is a proceeding, by petition and summons, for a new trial.

The petition was filed in the district court of Pottawatomie county on the 5th day of June, 1909, under section 4497, Wilson's Rev. & Ann. St., 1903, section 5829, Comp. Laws 1909. It sought to obtain a new trial because of newly discovered evidence,

in a suit instituted in the same court by B. O. Johnson and Charles A. Mantz, the defendants in error herein, v. Missouri, Kansas & Texas Ry. Co., the plaintiff in error herein, and which said suit has been appealed, and is now pending for decision in this court, under Supreme Court docket No. 1,352. A demurrer to the petition for a new trial was sustained by the trial court, exceptions saved, and the cause, on the questions involved therein, is here for review. The sole question, therefore, for determination, is, Did the petition, upon a challenge by demurrer, show such a state of facts as to require the granting of a new trial as prayed for?

The original suit, for a new trial of which this proceeding was filed, was to recover damages from the railroad company, because of its alleged negligence in constructing a bridge over the Canadian river. The negligence was, in brief, alleged to be a failure on the part of the railroad to leave, under its bridge, an opening sufficiently large to permit the waters of ordinary floods to pass under it. The petition alleged damages, because of the negligence alleged, for the destruction of houses and improvements on petitioner's lands, situated near, and above the bridge, and for the destruction of a large amount of personal property, including household goods and furniture, sewing machine, etc., all of the aggregate value of more than $16,000. The jury awarded the plaintiffs in that suit judgment for $6,000.

As to whether, in the original suit, actionable negligence and damages in the sum recovered, are shown, will be determined by this court in the appeal brought to reverse said judgment, now pending for decision as No. 1,352, unless, in the instant case, a reversal is ordered and a new trial granted, in which event the original suit on appeal here would be stricken down.

We summarize the facts, upon which it is claimed a new trial should be granted, as follows: In the original suit, the plaintiffs therein included in their claim for damages the destruction and loss of certain household goods—furniture, sewing machine, trunks, guns, clothing, etc.—and on the trial testified to their ownership thereof and right to recover therefor. It is shown in this proceeding that the said items were not at the date of the

flood the property of the said plaintiffs, but that in truth they belonged to one of their tenants on the farm named Bain; that after the flood and destruction of the property of plaintiffs as well as that of Bain, and prior to the filing of the suit for damages, Bain made an oral assignment of his lost goods and the right to sue the railroad therefor to the plaintiffs, and they were put into plaintiffs' suit when it was filed. A list of the items of Bain's goods are set up in this proceeding, and the value stated and shown by affidavit to be $248. Because these goods were put into the original suit, and presumably recovered for, is the sole reason given for demanding a new trial of the original suit. This situation establishes clearly but one thing; that is, that in the original suit it was possible and probable that plaintiffs recovered in their judgment of $6,000 these items, valued at the utmost limit at $248. This showing could in no event require or justify a new trial of any issue, except that of the plaintiffs' alleged right to recover for these particular items of property, unless the disclosures relative thereto show that there was such conscious fraud upon the part of the plaintiffs in that matter as to enter into and vitiate the entire original proceedings. The right of the tenant Bain to sue for the destruction of his goods, growing out of a tort pure and simple, was nonassignable, under the doctrine of *Kansas City, M. & O. Ry. Co. v. Shutt,* 24 Okla. 96, 104 Pac. 51, 138 Am. St. Rep. 870. In that case Justice Williams says:

"We conclude that an action growing out of a tort pure and simple, like the one involved in this case * * * the destruction of property by fire wrongfully set out * * * is not assignable."

It follows that the plaintiffs in the original suit had no right to recover for Bain's goods. They did not own them at the time of the loss, and after the loss the right to recover for them was not assignable. Then it follows that the judgment in the original suit, to the extent that these particular goods entered into it, has no legal foundation upon which to stand. But the petition in this case not challenging or offering new evidence on the primary cause of action, and only affecting the right to recover for a small portion of the goods in suit, the value of which is fixed and certain, does it follow that the law and a due regard for the rights of

the parties require that a new trial be granted of all, or any, of the issues in the original suit? We conclude not. In the event that upon consideration of the appeal in the original suit by this court an affirmance is decreed, a *remittitur* in the sum of $249 can be required, as a condition of affirmance. Indeed, such *remittitur* has been offered in the oral argument of this case. In that event the plaintiff in error will have received the exact and full benefit of the alleged newly discovered evidence. If the original suit is reversed, plaintiff in error will certainly have suffered no injury.

In arriving at the conclusion stated, we have fully considered whether the record shows upon the part of plaintiffs in the original suit such intentional fraud, involving moral turpitude, as to enter into and vitiate the entire proceedings; and we find no such fraud. That these parties, plaintiffs and their tenant Bain, may have honestly supposed that an assignment of the tenant's right to sue could be legally made to his landlord, who had a much larger claim, and a recovery be had for all the lost property in one suit, is very probable. In fact many lawyers of repute have advised that this could be done, until the question became settled contrary thereto by this court in *Kansas City, M. & O. Ry. v. Shutt, supra.*

It is not necessary in this case to discuss whether a new trial may be granted as to part of a case, whereby some particular issue in the case could be ordered retried. It has been held that this can be done. *Donnells v. Martin,* 35 Pac. 437; *S. D. L. & T. Co. v. Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83, but if such is the law its application is not needed here, as substantial justice may be best accomplished without it.

We therefore hold that if in the trial in this court of the appeal in the original suit No. 1,352 here, between these parties, a judgment of affirmance be held proper, that such affirmance be on condition that defendants in error in that case enter a *remittitur* of $248. And therefore the judgment of the trial court in this case should be affirmed, as herein modified.

By the Court: It is so ordered.

All the Justices concur.