SMITH et al. v. OGLE.

No. 31832. Nov. 20, 1945.

Rehearing Denied Jan. 8, 1946.

*164 P. 2d 992.*

Saunders & Van Wagner, of Shawnee, and Spillers & Spillers, of Tulsa, for plaintiffs in error.

Hugh M. Sandlin, of Holdenville, and Frank Seay, of Seminole, for defendant in error.

WELCH, J. Ogle as plaintiff sought recovery under the Fair Labor Standards Act of 1938, 29 U. S. C. A. §§ 201-219, for alleged overtime employment of some 2,700 hours at the overtime rate of $1.30 per hour. He alleged that he had performed such overtime work between October 1, 1938, to February 1, 1941. He sought judgment for $3,-662.50, and attorney's fees. He obtained verdict and judgment for $1,775.04.

and the court allowed attorney's fee of $300.

For reversal defendants urge four propositions. First it is argued that defendants' demurrers to plaintiff's evidence should have been sustained. Defendants seek to point out that plaintiff failed to prove that he had worked overtime, and the number of hours so worked, and that he failed to prove that his work was in interstate commerce.

The evidence shows that plaintiff was employed during the time set out as an oil well pumper; that he was furnished a house and lived on the oil lease premises and was paid a monthly salary of $150, which was fully paid. Plaintiff described his duties as follows:

"We had engines to kick off, rods and tubing to pull, we layed pipe lines, water to pump, and water pumps to keep up and other works that goes with the lease, cleaning up and keeping it clean."

His further evidence is that no one else worked with him "only when an engine goes out and the rods part." During most of the time he pumped three wells on two adjoining leases, the wells being some five or six hundred feet apart. The wells were pumped 24 hours per day and plaintiff was on duty seven days per week, save only a few days when he was off duty.

Plaintiff produced three witnesses who lived near him at practically all times during the period involved, and they testified that they saw and observed plaintiff almost daily at his work and that he worked an average of from ten to twelve hours daily seven days per week with few days off. Plaintiff testified to the same effect. True, none of the witnesses had kept any record of the exact number of hours plaintiff had worked on any particular day. But an examination of the entire testimony leads us to conclude, assuming the truth thereof, that with only few exceptions, plaintiff contributed the major portion of his active hours to his duties as pumper, and not less than the number indicated by the verdict, and that this record in that respect contains a sufficient showing to withstand the demurrers and to support the amount of the verdict and judgment rendered.

As concerns the asserted lack of proof of employment in interstate commerce, there is evidence to the effect that the oil produced was transferred to pipe lines and carried out of the state. We find no merit in defendants' proposition one.

Defendants next contend that the venue was improper, that the superior court of Seminole county had no jurisdiction. The defendant Smith lived in and was served with summons in a county other than the county in which suit was brought. It is asserted that Smith was the sole employer of plaintiff, and that the defendant Commercial Drilling Company was not a necessary or proper party, but was made a party solely to confer venue on the court of trial. Defendants point to 12 O. S. 1941 § 139, and decisions construing same. Here, however, there is evidence to the effect that the drilling company owned interests in the lease or leases and furnished Smith with funds in part payment of plaintiff's salary; and on occasions the president of the company assumed some control and supervision over plaintiff in his work. In view of the record in that respect, we do not agree with defendants' contention in that regard.

Defendants next contend that,

"The trial court erred in entering a second judgment for attorneys' fees after the conclusion of the trial before the jury."

—and it is urged that when the case was submitted to the jury and verdict rendered, additional allowances could not thereafter be made; that "there could be but one final judgment in any action," citing Methvin v. Methvin, 191 Okla. 177, 127 P. 2d 186, and others.

The cited cases have no reference to the allowance of an attorney's fee, in cases such as this.

Section 16 (b) of the Fair Labor Standards Act, supra, provides:

". . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

In the instant case the judge of the court heard testimony in connection with plaintiff's motion for allowance of attorney's fee and made an allowance as above shown, and the amount thereof is not questioned.

It is quite clear that the trial court proceeded upon the theory that the above-quoted portion of section 16, supra, authorized the allowance of the attorney's fee as costs. If such fee is costs under such statute, then the action of the trial court was proper. Day v. Woodworth, 14 L. Ed. 181; 20 C. J. S. Costs, § 218; 25 C. J. S. Damages, § 50. No citations nor argument are contained in plaintiffs in error's brief on the question of whether the attorney's fee provided by the above statute is costs. The presumption of correctness of the action of the trial court in that connection will therefore prevail. Blue v. Board of Commissioners of Garvin County, 82 Okla. 178, 198 P. 850.

Defendants finally contend that plaintiff's cause of action is barred by the statute of limitations, and they urge that the recovery herein sought, as to a portion thereof, is a forfeiture or penalty, and that therefore the 4th subdivision of 12 O. S. 1941 § 95, providing a one-year limitation for suit, is applicable, citing Cummings v. Board of Education, 190 Okla. 533, 125 P. 2d 989, and other cases to like effect. In Overnight Motor Transportation Co., Inc., v. Missel, 316 U. S. 572, 62 S. Ct. 1216, the United States Supreme Court, in construing the act, said:

"The liquidated damages for failure to pay the minimum wages under sections 6 (a) and 7 (a) are compensation, not a penalty or punishment by the Government. . . ."

We feel that we are bound by such construction.

Defendants further urge that the three-year limitation is applicable, 2d subdivision, 12 O. S. 1941 § 95.

Plaintiff's petition was filed March 4, 1943. Plaintiff had previously brought his suit in the United States District Court and same had been dismissed without prejudice on January 4, 1943. In the court's instructions plaintiff's recovery had been limited to a three-year period prior to July 1, 1942. The reason therefor being that plaintiff contended that his suit was filed in United States Court on July 1, 1942, and having failed therein otherwise than upon the merits, the limitation was saved by 12 O. S. 1941 § 100. Defendants say that the instruction was erroneous because they claim that plaintiff wholly failed to prove when suit was filed in the United States Court. We observe from the record that at the beginning of the trial plaintiff's attorney dictated the following into the record:

"It is hereby stipulated that this cause was filed in the United States District Court in and for the Eastern District of Oklahoma, on July 1, 1942. . . ."

That statement was not denied by defendants and was obviously treated by the parties and the trial court as a trial agreement on that point. For that reason, we see no merit in such contention on the part of defendants.

Defendants further say that 12 O. S. 1941 § 100, supra, is not applicable because at the time of the aforesaid dismissal, plaintiff's action was not barred by limitations, citing Meshek v. Cordes, 164 Okla. 40, 22 P. 2d 921, and Hawk v. Texas & Okla. Stages, 190 Okla. 76, 120 P. 2d 781.

It is true that all of plaintiff's claim was not barred at the time of dismissal, but we have no doubt that 12 O. S. 1941 § 100 will save that portion thereof which was barred at the time of such

dismissal. It therefore follows that, the present suit having been filed within one year from dismissal in United States Court, the three-year statute did not apply to that portion of the claim from July 1, 1939, to January 4, 1940. As to the remaining portion of the claim the limitation must be calculated by the three-year period prior to March 4, 1943. It will thus be seen that the portion of the claim from January 4, 1940, to March 4, 1940, is barred by the three-year statute.

It is thus seen that the instruction as concerns the three-year statute of limitation permitted the jury to consider a two-months period of time which was barred by limitations.

Plaintiff asserts that such error is not sufficient to warrant a reversal, pointing out that his evidence showed that he had performed overtime work substantially during the whole period for which he claimed, and that the verdict for $1,775.04 reflected that the jury's allowance was obviously based upon its conclusion that he had worked a uniform number of hours for the whole time, and at a uniform rate of pay. He urges that a remittitur would cure the error. We agree with him in that respect. Missouri, K. & T. Ry. Co. v. Johnson, 30 Okla. 754, 120 P. 1100. The error related only to the number of weeks time the jury might consider. It could properly have considered only about 71 weeks when the instruction authorized it to consider about 79 weeks. Plaintiff's evidence is to the effect that he worked the same number of hours per week and that the overtime rate was $1.30 per hour.

Therefore, it is a mere matter of mathematical calculation that the verdict be confined to approximately 71/79 of the amount therein allowed. Plaintiff concedes that the verdict is $208 excessive if we adopt the above construction of the law.

The cause is remanded, with instructions to allow plaintiff to remit $208 of the judgment within ten days of receipt of the mandate, in which event the judgment is in all other things affirmed. Upon failure of such remittitur the judgment is reversed, and the cause will stand for new trial.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.