**CITY OF LAWTON, Oklahoma, Petitioner,**

v.

**Jarrold R. LEWIS, and State Industrial Court, Respondents.**

No. 50293.

Supreme Court of Oklahoma.

June 14, 1977.

Russell D. Bennett, Lawton, for petitioner.

Roy D. Moore, Lawton, for respondents.

DAVISON, Justice:

Claim for compensation alleged claimant had sustained stomach ulcer, nervous disorder and back injury, incurred during discharge of duties as a member of respondent's police department. Basis of claim was stress and anxiety psychosis, occasioned from an incident in 1972 when claimant killed a suspect in the line of duty. A second incident occurred in 1976, when

claimant shot and wounded a suspect. Back injury was sustained when lifting a roll of wire during investigation of an incident at a lumber yard. Respondent's medical evidence reported no permanent disability. Claimant's doctor found claimant totally permanently disabled from duodenal ulcer disease resulting from severe anxiety neurosis induced by the incidents mentioned. When the case was heard, respondent Assistant City Attorney stipulated all jurisdictional issues, that medical attention was furnished and wages paid in lieu of compensation. Respondent further stipulated agreement had been reached with claimant for settlement of claim for 50% permanent partial disability, plus 20 weeks arrearages of temporary total compensation then unpaid. An order awarding compensation on this basis was presented, approved, and filed as the order in the case on October 18, 1976.

November 5, 1976, respondent's City Attorney filed a petition for review of this order, asserting insufficiency of evidence, and lack of competent medical evidence, to support this order. The argument urges there was evidence showing two injuries of similar nature. Thus, an award based upon finding disability from a single injury is erroneous where evidence shows a prior injury or preexisting condition. For reasons apparent on face of this record, it is unnecessary to consider this argument.

■ Stipulations are agreements between counsel with respect to business before the court, and are favored when designed to shorten or settle litigation. 83 C.J.S. Stipulations §§ 1–17; *American Iron & M. Wks. Co. v. Insurance Co. of North Am.,* Okl., 375 P.2d 873. A stipulation admitting or agreeing to existence of designated facts for purpose of trial is binding upon the parties and the court. *Smith v. Ogle,* 196 Okl. 295, 164 P.2d 992; *Yamie v. Willmott,* 184 Okl. 382, 88 P.2d 325; *Bruner v. Burch,* 179 Okl. 338, 65 P.2d 1215.

■ Since the decision in *Wentz v. Brookshire,* 150 Okl. 92, 300 P. 652, the rule applied is that stipulation of facts between employer and employee, if approved by the State Industrial Court, is final and binding on both parties, and an award entered on basis of stipulation is of same force and effect as an award entered after full hearing. The statute, 85 O.S.1971 § 26, requires any agreed settlement, terms of which must conform to the act, must be approved by the State Industrial Court to be binding. Unless approved by the State Industrial Court, the agreement is ineffective. *Apple v. State Insurance Fund,* Okl., 540 P.2d 545 (1975).

No need exists for extended citation and discussion of decisions dealing with disposition of cases before State Industrial Court upon basis of stipulations.

■ The parties' stipulation relating to injury and disability was made in open court. An order evidencing matters resolved by stipulation was approved by the court. The award entered in accordance with the stipulation, absent fraud, was of the same force and effect as an award entered after hearing. *Wentz v. Brookshire,* supra.

AWARD SUSTAINED.

All the Justices concur.