Don **LANGDON**, Appellee,

v.

**SAGA CORPORATION**, Appellant.

No. 51034.

Court of Appeals of Oklahoma, Division No. 1.

June 19, 1979.

Released for Publication by Order of Court of Appeals July 19, 1979.

Freese & March, P.A. by John M. Freese, James E. Lowell, Tulsa, for appellee.

Livingston & Livingston by John J. Livingston, John L. Shafer, III, Christopher J. Grant, Tulsa, for appellant.

ROMANG, Presiding Judge:

Appellant challenges the trial court's award of attorney's fees after the petition in error was filed in the Supreme Court in an earlier appeal. In that earlier appeal this Court affirmed the judgment of the trial court and, *sub silentio*, denied attorney's fees for the prosecution of the appeal. No issue concerning the trial court's award of attorney's fees was presented. When the plaintiff sought judgment against the surety on the bond below, the defendant-appellant moved the trial court to strike and vacate its earlier order to pay attorney's fees. From the denial of this motion Appellant appeals.

The trial court held a hearing and assessed attorney's fees after it had entered judgment and after a petition in error had been filed in the Supreme Court but within 45 days of the filing of the petition in error. If the trial court had jurisdiction to assess attorney's fees after the filing of the petition in error, then it is clear, as asserted by the Appellee, that this appeal, being filed more than 30 days following the order assessing attorney's fees is untimely.

At the outset there appears to be no reason for the delay from January 14, 1976 (the date the trial court assessed attorney's fees) until May 31, 1977 when the instant petition in error was filed. So far as appears in the record, Appellant did not object to the trial court's jurisdiction in January, 1976 nor was it sought to include this assessment in the earlier appeal. Furthermore, while parties may not consent to subject matter jurisdiction, *res judicata* precludes collateral attack on final judgments wherein the court had personal jurisdiction of the parties even as to issues of subject matter jurisdiction. In this case, the attack is purportedly not collateral but direct. Since the issue was not briefed, and since we reach the same result on other grounds briefed by the parties, we will not consider these issues further.

Appellant's only tenable argument is that attorney's fees are not costs since it is clear that a trial court continues to have jurisdiction to assess costs after the petition in error is filed. *National Educators Life Insurance Co. v. Apache Lanes*, Okl., 555 P.2d 600 (1976) and *G. A. Mosites Co. of Fort Worth, Inc. v. Aetna Casualty and Surety Co.*, Okl., 545 P.2d 746 (1976). It is equally clear that other than the assessment costs, a petition in error properly filed suspends the trial court's jurisdiction. *Matter of Chad S.*, Okl., 580 P.2d 983 (1978).

The dispute centers on the language and meaning of two statutes. In *Mosites, supra*, the Supreme Court dealt with attorney's fees as costs under 12 O.S.1971, § 936. This statute provides, *inter alia*, that "the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." It is argued that the Supreme Court hereby recognized the equation of costs and attorney's fees for purposes of this statute. Cf. *Smith v. Ogle*, 196 Okl. 295, 164 P.2d 992 (1945).

The second statute, on which Appellant seems to rely, is 40 O.S.1971, § 165.9. This statute, in pertinent part, provides that the "Court in any action brought under this subsection may . . . allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees." From this, Appellant seems to argue that since the action was for wages it was under 40 O.S. 1971, § 165.9, that the exclusive authority for the award of attorney's fees under this section is § 165.9(b), and that attorney's fees under § 165.9(b) are not costs and, hence, not assessable after the petition in error is filed.

Although the matter is not free from doubt we believe trial courts continue to have jurisdiction to assess costs and at-

torney's fees after the petition in error is filed provided there is no surprise or undue delay to the prejudice of the opposing party. See *Mosites, supra* and *Apache Lanes, supra.*

It is quite true that the two cases just cited were decided under 12 O.S.1971, § 936 (quoted in part *supra*). The language of this statute tends to equate costs and attorney's fees in contrast to the language of 40 O.S.1971, § 165.9. But the issue is not whether attorney's fees are costs but whether attorney's fees are assessable after the petition in error is filed. Nothing in *Mosites* or *Apache Lanes* indicates that the attorney's fees were permitted in those cases because they were costs. Indeed, in principle it is clear that the problems of the post-petition assessment of attorney's fees are identical to those of the post-petition assessment of costs.

It is common knowledge that even in jury trials the assessment of costs and attorney's fees is customarily left to the court. If the petition in error deprived a court of jurisdiction to assess costs and attorney's fees, the petition could be used in an offensive way to interfere with a trial court's complete resolution of the action. The assessment of costs and attorney's fees normally will depend on the prior completion of all trial related activities, otherwise the assessment would not be complete. We find no difference in principle between the two nor is there a difference based on the text of 40 O.S.1971, § 165.9.

■ The assessment by the trial court was within its jurisdiction and its order was final in January, 1976. Efforts to revive the issue by motion in the trial court after appellate affirmance or by a belated petition in error are untimely. We affirm the trial court.

AFFIRMED.

REYNOLDS, J., concurring.

BOX, J., dissenting.